**Mel POWERS, Individually, and Basin Cement Company, Inc., Appellants,**

v.

**Thomas A. ADAMS, III, Appellee.**

No. 14–97–01246–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 5, 1999.

Jeffrey Gelb, Houston, for appellants.

Jerold W. Gardner, Thomas A. (Tad) Adams, Houston, for appellees.

Panel consists of Justices HUDSON, WITTIG, and FROST.

## O P I N I O N

KEM THOMPSON FROST, Justice.

This is an appeal from a partial summary judgment under rule 166a(a), Texas Rules of Civil Procedure, in favor of the plaintiff/appellee, Thomas Adams, III ("Adams"). Adams, a lawyer who formerly represented the defendants/appellants, Mel Powers ("Powers") and Basin Cement Company, Inc. ("Basin"), filed a suit on a sworn account against his former clients to collect unpaid legal fees and attorney's fees incurred in bringing the collection suit. Powers and Basin answered and brought a counterclaim, alleging usury. The trial court granted summary judgment for Adams on his claims for affirmative relief and severed the usury counterclaim. On appeal, Powers and Basin challenge the trial court's grant of summary judgment in favor of Adams. We reverse and remand.

### STANDARD OF REVIEW

Summary judgment is proper when a movant establishes that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *See Randall's Food Mkts., Inc. v. Johnson,* 891 S.W.2d 640, 644 (Tex.1995); *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548 (Tex.1985). In deciding whether there is a disputed material fact issue which precludes summary judgment, proof favorable to the nonmovant will be taken as true. *See Nixon,* 690 S.W.2d at 548–49. We indulge every reasonable inference in favor of the nonmovant. *See Randall's Food Mkts., Inc.,* 891 S.W.2d at 644.

A judgment of a trial court cannot be affirmed on any grounds not specifically presented in the motion for summary judgment. *See Travis v. City of Mesquite,* 830 S.W.2d 94, 100 (Tex.1992). Where a trial court enters a summary judgment order that does not specify the particular ground on which it is based, the appealing party must show that each independent argument alleged is insufficient to support the trial court's order. *See Carlisle v. Philip Morris, Inc.,* 805 S.W.2d 498, 518 (Tex.App.—Austin 1991, writ denied) (citing *Insurance Co. of N. Am. v. Security Ins. Co.,* 790 S.W.2d 407, 410 (Tex.App.—Houston [1 st Dist.] 1990, no writ)).

### USURY CLAIM

Powers and Basin first contend the trial court erred in granting Adams's motion for summary judgment because Adams violated Texas usury laws. Specifically, they argue that Adams charged them an

amount of interest more than twice the amount allowable by law. The trial court did not grant summary judgment on the appellants' usury counterclaim. In fact, the usury claim is not even part of this suit because the trial court severed that claim and made it the subject of a separate proceeding. Moreover, Powers and Basin did not plead usury as a defense to Adams's claim[1] but only as a claim for affirmative relief. Therefore, the issue of usury was not properly raised in the summary judgment proceeding and is not properly before this court.

### SUIT ON ACCOUNT

Powers and Basin also contend that Adams failed to prove the requisite elements of a suit on a sworn account as a matter of law. Specifically, they claim Adams's affidavit did not establish the justness of the account and, as such, did not constitute competent summary judgment proof.

 In order to establish sufficient evidence to support a *prima facie* case in a suit on a sworn account, as well as summary disposition of the case, the movant must strictly adhere to the provisions outlined in the Texas Rules of Civil Procedure. *See Andrews v. East Texas Med. Ctr.-Athens,* 885 S.W.2d 264, 267 (Tex. App.—Tyler 1994, no writ). Rule 185, which sets forth the criteria for a suit on account, defines an open account to include "any claim ... for personal services rendered...." TEX.R. CIV. P. 185. Under this rule, a plaintiff's petition on sworn account must contain a systematic, itemized statement of the goods or services sold, reveal offsets made to the account, and be supported by an affidavit stating the claim is within the affiant's knowledge, and that it is "just and true." *Andrews,* 885 S.W.2d at 267. If there is a deficiency in the plaintiff's sworn account, the account will not constitute *prima facie* evi-

dence of the debt. *See Enernational Corp. v. Exploitation Eng'rs, Inc.,* 705 S.W.2d 749, 750 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.).

 In the same context, the defendant's denial must be written and supported by an affidavit denying the account. *See* TEX.R. CIV. P. 93(10); *Andrews,* 885 S.W.2d at 267. Where a defendant files a sworn denial of the plaintiff's account in the form required by rule 185, the evidentiary effect of the itemized account is destroyed and the plaintiff is forced to put on proof of its claim. *See Roberts Express, Inc. v. Expert Transp., Inc.,* 842 S.W.2d 766, 770 (Tex.App.—Dallas 1992, no writ); *Thorp v. Adair & Myers,* 809 S.W.2d 306, 307 (Tex.App.—Houston [14th Dist.] 1991, no writ); *United Bus. Machs. v. Entertainment Mktg., Inc.,* 792 S.W.2d 262, 264 (Tex.App.—Houston [1st Dist.] 1990, no writ) (finding that even where a defendant verifies its sworn denial to a suit on a sworn account, "[a] plaintiff can properly recover summary judgment ... if it files legal and competent summary judgment evidence establishing the validity of its claim as a matter of law."). On the other hand, when a defendant fails to file a verified denial to a sworn account, the sworn account is received as *prima facie* evidence of the debt and the plaintiff/summary judgment movant is entitled to summary judgment on the pleadings. *See Andrews,* 885 S.W.2d at 267 (concluding that a defendant who does not properly file a written denial under oath will not be permitted to dispute the receipt of services or the correctness of the charges of an account); *Texas Dept. of Corrections v. Sisters of St. Francis of St. Jude Hosp.,* 753 S.W.2d 523, 524 (Tex.App.—Houston [1st Dist.] 1988, no writ); *Enernational Corp.,* 705 S.W.2d at 750. In other words, a defendant's noncompliance with rule 185 conclusively establishes that there is no defense to the

---

1. *See* TEX.R. CIV. P. 93(11), which provides that a pleading asserting that a contract sued

upon is usurious must be verified by affidavit.

suit on the sworn account. *See Enernational Corp.*, 705 S.W.2d at 750.

In an effort to utilize the procedural advantages rule 185 affords, Adams filed a suit on account to recover unpaid fees for legal services rendered to Powers and Basin. *See* Tex.R. Civ. P. 185. Adams's petition complied with the requirements of the rule in that it contained itemized monthly statements of the legal services he rendered to Powers and Basin. These itemized statements reflected all offsets, payments, and credits; and the petition was supported by Adams's affidavit stating that the claim was within his knowledge and was "just and true."

We now consider whether Powers and Basin, who together filed one verified answer, put Adams to proof of his claim. Adams does not challenge the sufficiency of Powers and Basin's verified answer denying the account upon which Adams's claim is based. We find that Basin and Powers complied with rules 185 and 93(10), to overcome the evidentiary presumption afforded Adams on his sworn account. By filing a verified denial, they destroyed the evidentiary effect of the itemized account and forced Adams to put on proof of Adams's claim.

■ We now address whether the trial court erred in rendering summary judgment in favor of Adams on the underlying suit. As the plaintiff in a suit on account, Adams was required to prove:

(1) the sale and delivery of merchandise or performance of services;

(2) that the amount of the account is "just," that is, the prices charged are pursuant to an express agreement, · or in the absence of an agreement, that the charges are usual, customary, or reasonable; and

(3) that the outstanding amounts remain unpaid.

*See Andrews*, 885 S.W.2d at 266; *Thorp*, 809 S.W.2d at 307. Adams presented summary judgment evidence of the legal services rendered to Powers and Basin, which included invoices detailing when and to whom the services were provided, the type of services rendered, the time expended, the hourly rate, and the total amount owed. The invoices also indicated the amounts that remained unpaid. The only remaining element of proof, and the one about which the appellants complain, is the justness of the account.

■ In support of his motion for summary judgment, Adams submitted copies of the itemized invoices, a document entitled the "Client Information and Agreement Sheet," and his own affidavit. None of the documents submitted demonstrate the existence of any agreement between the parties as to the rates charged for Adams's legal services. Because the "Client Information and Agreement Sheet" does not establish that Powers and Basin agreed to a specific rate for the legal services, it is insufficient to establish the justness of the rates charged by Adams. Therefore, we must consider whether Adams presented proof of the justness of the account by demonstrating that the charges are usual, customary, or reasonable. We conclude that he did not. Neither the invoices attached to his pleading nor Adams's affidavit demonstrate that the rates charged were usual, customary, or reasonable. Consequently, we find that Adams was not entitled to summary judgment on his sworn account suit against Powers and Basin as a matter of law. We reverse the trial court's rendition of summary judgment against Powers and Basin on the underlying suit and remand this claim to the trial court.

### ATTORNEY'S FEES

Powers and Basin contend that the trial court erred in granting summary judgment against them for the attorney's fees Adams incurred in bringing his suit because (1) they filed a controverting affidavit alleging that the requested attorney's fees were not reasonable and necessary; (2) Adams's expert witness's affidavit was defective; and (3) the statements in

Adams's expert witness's affidavit were merely conclusory and were incompetent to support a summary judgment. Given our reversal of the summary judgment, it is not necessary to address the attorney's fee issue. Having failed to demonstrate his entitlement to summary judgment on the suit on account, Adams is not entitled to summary judgment for attorney's fees. *See Grider v. Boston Co., Inc.,* 773 S.W.2d 338, 345 (Tex.App.—Dallas 1989, writ denied).

### DEATH OF A PARTY

■ Adams died on December 31, 1997, approximately five months after the trial court granted summary judgment in his favor and approximately eight months before Powers and Basin filed this appeal.[2] Powers and Basin argue that this court has not received authority from the executor of Adams's estate to proceed with this appeal. Rule 7.1(a)(1) of the Texas Rules of Appellate Procedure provides in relevant part:

> (a) *Death of a Party.*
>
> (1) *Civil Cases.* If a party to a civil case dies after the trial court renders judgment but before the case has been finally disposed of on appeal, the appeal may be perfected, and the appellate court will proceed to adjudicate the appeal as if all parties were alive. The appellate court's judgment will have the same force and effect as if rendered when all parties were living.

TEX.R.APP. P. 7.1(a)(1). Adams died after the rendition of the trial court judgment but prior to the disposition of this appeal. Under rule 7.1(a)(1), no executory authority is required to proceed with the adjudication of this appeal.

### CONCLUSION

We reverse the trial court's rendition of summary judgment against the appellants

and remand the case to the trial court for further proceedings.

---

**2.** The trial court rendered judgment on July 25, 1997; appellee died on December 31, 1997; and this appeal was filed on September 3, 1998.