Affirmed and Memorandum Opinion filed March 27, 2007








Affirmed and Memorandum Opinion filed March 27, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00912-CV

____________

 

JANICE R. POWELLS, M.D., AND
HOUSTON INFANT & ADOLESCENT MEDICINE, P.A., Appellants

 

V.

 

NOVA FACTOR, INC., Appellee

 



 

On Appeal from the County
Court at Law No. 4

Harris County, Texas

Trial Court Cause No. 824,459

 



 

M E M O R A N D U M   O P I N I O N

In this case, appellants Janice R. Powells, M.D. and her
professional association, Houston Infant and Adolescent Medicine, P.A.
(collectively, APowells@), appeal from a
grant of summary judgment in favor of appellee Nova Factor, Inc. (ANova@) on a suit on a
sworn account.  For the reasons explained below, we affirm.

I.        Factual
Background

In 2001, Nova, a pharmaceutical services company, entered
into a wholesale purchase agreement and a physician agreement to sell Powells a
medication identified as Synagis7, which comes in
vials for injection.  Under the agreements, Powells could order and obtain the
medication first, and then pay Nova as provided in the wholesale purchase
agreement.  According to Nova=s records, the cost of the medication was
$580.09 for a 50 mg vial, and  $1,074.80 for a 100 mg vial.  Powells received
the medications and administered them to her patients for several months, but
did not pay Nova for them.  As of February 2003, the amount owed on the account
was $23,390.01.

In 2004, Nova sued Powells on a sworn account, and later
added a breach of contract claim.  Powells=s answer included
a general denial and various defenses, as well as a AVerification@ in which Powells
stated that she Ahad read the answer and the facts stated
in paragraphs one, two, three, four, and five@ were within her
knowledge and were true and correct.

In June 2005, Nova moved for summary judgment on the sworn
account, and sought attorney=s fees.  In response, Powells filed an AObjection to
Plaintiffs Motion for Summary Judgment,@  in which she
claimed she was not required to pay Nova for the medication unless she first
received payment from an insurance company for it, and, because Nova had
produced no evidence that she had been paid by an insurance companyCwith the exception
of one instanceCNova was not entitled to summary judgment.

The trial court granted Nova=s motion for
summary judgment, and awarded it the debt owed on the sworn account, pre- and
post-judgment interest, and attorney=s fees and
unspecified court costs.  Nova moved to modify the trial court=s judgment to
specify the court costs and to request additional attorney=s fees and
expenses.  The trial court agreed to the court costs, but did not award any
additional attorney=s fees.  A modified final judgment was
signed August 30, 2005.  This appeal followed.








II.       The Trial
Court Did Not Err in Granting Nova=s Summary Judgment
and Awarding $9,000 in Attorney=s Fees.

In a single issue, Powells challenges the trial court=s grant of summary
judgment in favor of Nova for $23,391.01 and its award of $9,000 in attorney=s fees.  We will
address each complaint separately below.  

A.      The Suit on
a Sworn Account

In order
to establish sufficient evidence to support a prima facie case in a suit on a
sworn account, as well as summary disposition of the issue, the movant must Astrictly adhere@ to the provisions outlined in the
Texas Rules of Civil Procedure.  Powers v. Adams, 2 S.W.3d 496, 498
(Tex. App.CHouston [14th Dist.] 1999, no pet.).  Under Rule 185, a plaintiff=s petition on a sworn account must be
based on the business dealings of the parties and must be supported by an
affidavit stating that the claim is, within the affiant=s knowledge, Ajust and true,@ that it is due, and that all lawful
offsets, payments, and credits have been allowed.  Tex R. Civ. P. 185.  

Similarly,
the defendant=s denial of a sworn account must be written and supported by an affidavit
denying the account.  See Tex. R.
Civ. P. 93(10), 185.  A sworn general denial is insufficient.  Huddleston
v. Case Power & Equipment Co., 748 S.W.2d 102, 103 (Tex. App.CDallas 1988, no writ); Cooper
Farms v. Scott Irrigation Constr. Inc., 838 S.W.2d 743, 746 (Tex.
App.CEl Paso 1992, no writ).  When a
defendant files a sworn denial of the account as required, Athe evidentiary effect of the
itemized account is destroyed and the plaintiff is forced to put on proof of
its claim.@  Powers, 2 S.W.3d at 498; Livingston Ford Mercury, Inc. v.
Haley, 997 S.W.2d 425, 430 (Tex. App.CBeaumont 1999, no pet.) (finding
defendant=s affidavit sufficient to force plaintiff to put on proof of its claim
and finding plaintiff=s Acommon law proof@ established the elements of the
claim as a matter of law). 








Thus,
even when a defendant verifies its sworn denial to a suit on a sworn account, A[a] plaintiff can properly recover
summary judgment . . . if it files legal and competent summary judgment
evidence establishing the validity of its claim as a matter of law.@  United Bus. Machs. v. Entm=t Mktg., Inc., 792 S.W.2d 262, 264 (Tex. App.C Houston [1st Dist.] 1990, no writ).
Conversely, if a defendant fails to file a verified denial to a sworn account,
the sworn account is received as prima facie evidence of the debt and the
plaintiff/summary judgment movant is entitled to summary judgment on the pleadings. 
Powers, 2 S.W.3d at 498.

1.       The
Sufficiency of Powells=s Answer and Denial
of the Sworn Account

Nova contends that it should prevail on summary judgment
because Powells did not file a verified special denial as required by Rules
93(10) and 183.  Nova points to the general denial in Powells=s answer, which
recites the following: AThe Defendant denies all allegations of
the Plaintiff and demands strict proof and trial by jury.  Defendant enters
this answer as her general denial, pursuant to Rule 92, Texas Rules of Civil
Procedure.@  Nova contends this denial, expressly pleaded under
Rule 92 rather than Rule 93, is at most a verified general denial, which is
insufficient to put Nova to its proof.  See Huddleston, 748 S.W.2d at
103.  Additionally, Nova claims that Powells=s verification,
which avers that the facts stated in her answer are correct, is likewise
insufficient as a special denial because it does not include a specific denial
of Nova=s sworn account.

However, in the first paragraph of Powells=s answer, she
states that she Adenies this account, attached to the
Plaintiff=s Original Petition, and would show that the
medications listed in Exhibit A were not received by her but by the patients
listed in the exhibit.@  Concerning this allegation, Nova argues
only that it was shown to be false because Powells=s own business
records showed that she received the medications and administered them to her
patients.








Assuming without deciding that Powells=s denial was
sufficient to satisfy the requirements of Rules 93(10) and 185, the effect of a
verified special denial would be to destroy the evidentiary effect of the
pleaded sworn account, forcing Nova to put on proof of its claim.  See
Powers, 2 S.W.3d at 498; Livingston Ford Mercury, 997 S.W.2d at 430.
Because we find that Nova=s summary judgment evidence sufficiently
established its claim on the sworn account, we do not find it necessary to
address the sufficiency of Powells=s denial.

2.       Nova=s Summary Judgment
Evidence Established its Claim as a Matter of Law

The essential elements of an action on an account are (1)
that there was a sale and delivery of the merchandise; (2) that the amount of
the account is just, that is, when the parties have agreed to prices, that the
prices are charged in accordance with the agreement; and (3) the amount is
unpaid.  See Hose Pro Connectors, Inc. v. Parker Hannifin Corp., 889
S.W.2d 555, 558 (Tex.
App.CHouston [14th Dist.] 1994, no writ).  We review the trial court=s summary judgment de novo.  See
Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).  A
traditional summary judgment is proper if the motion and summary judgment
evidence show that there is no genuine issue of material fact and the moving party
is entitled to judgment as a matter of law.  Tex.
R. Civ. P. 166a(c).  We take as true all evidence favorable to the
nonmovant, and we indulge every reasonable inference and resolve any doubts in
the nonmovant=s favor. See Dorsett, 164 S.W.3d at 661.

Nova presented evidence that Powells received the
medications, administered them to her patients, and billed the patients for the
medications.  The evidence consisted of the agreements between Nova and
Powells, Powells=s business records, Powells=s responses to
Nova=s request for
admissions, and the affidavit of a Nova employee attesting that Powells owed a
total principal balance of $23,390.01 that was unpaid.  This evidence supports
each of the elements of its action on the account.  








In response, Powells did not provide any evidence
controverting the receipt of the medications or the validity of the charges,
and did not dispute that the claim remained unpaid.  Instead, she claimed that
under the agreement with Nova she would not have to pay for the medication if
an insurance company did not pay for it 180 days after the shipment date, and,
because Nova failed to show that she had been reimbursed by the insurance
company (except in one instance), the trial court should have denied Nova=s motion for
summary judgment. 

In support of this defense, Powells urges us to consider
provisions (h), (j), and (k) of the physician agreement.  Under these
provisions, Powells (the APurchaser@) agreed to the
following:

h)       To pay the distributor the invoiced amount
within fifteen (15) days after receiving payment from the insurance company,
except as provided in sections (j), (k) and (l).[1]

j)        That if in the unlikely event the
approved, Program-eligible Synagis7 vial has not been paid by an insurance company after 180
days following the shipment date, and thereafter remains unpaid, Purchaser will
not be responsible for payment for the vial.

k)       Notwithstanding
section (j), if the insurer, the patient=s parent(s) or
guardian reimburses the Purchaser any amount, payment in full for that vial
must be made to the distributor within fifteen (15) days.

Powells
contends the agreement with Nova is unambiguous and we should construe it as a
matter of law to excuse Powells from paying any amount to Nova unless she was
paid by an insurance company, parent, or guardian.[2]









When construing a contract, our primary concern is to
ascertain the true intent of the parties as expressed in the instrument.  Lenape
Res. Corp. v. Tenn. Gas Pipeline Co., 925 S.W.2d 565, 574 (Tex. 1996); Coker
v. Coker, 650 S.W.2d 391, 393 (Tex. 1983).  To achieve this, we examine and
consider the entire writing in an effort to harmonize and give effect to all
the provisions of the contract so that none will be rendered meaningless.  Coker,
650 S.W.2d at 393.  We construe a contract from a utilitarian standpoint,
bearing in mind the particular business activity sought to be served.  Lenape
Res., 925 S.W.2d at 574.  If a written contract is so worded that it can be
given a definite or certain legal meaning, then it is not ambiguous and it can
be construed as a matter of law.  Wal‑Mart Stores, Inc. v. Sturges,
52 S.W.3d 711, 728 (Tex. 2001); Lenape Res., 925 S.W.2d at 574. 

Our reading of the contract leads us to a different
conclusion than Powells reaches. Powells accurately stated the terms set out in
paragraphs 3(h), 3(j), and 3(k) of the contract.  However, Powells failed to
mention several paragraphs that impose obligations on her.  By paragraph 3(d),
Powells agreed A[t]o obtain prior-authorization [by the
insurer] of Synagis7 coverage when required.@  In paragraph
3(e), Powells agreed A[t]o file a claim within ten (10) days
after [a] Synagis injection.@  Through paragraph 3(f), Powells promised
A[t]o provide
copies of insurance claims to the Program within ten (10) days [of][3]
filing the claim.@  In paragraph 3(g), Powells agreed A[t]o work to
ensure payment from the insurance company, using Program=s [assistance][4]
as necessary.@  Paragraph 3(g) continues, A[s]uch activities
may include submitting pre-approval documentation to the insurer, filing claims
in a timely fashion, appealing denied claims, or other activities as needed.@  Finally,
paragraph 3(m) noted the consequence to Powells if she did not fulfill her
obligations under the agreement.  A[I]f the above
terms are not met by [Powells] then the [vials sent to Powells are] no longer
covered by the Program and will not be subject to the benefits of the Program.@

Powells did not address these many obligations in the trial
court.  For example, she did not state that she filed claims with insurance
companies, or that she obtained pre-authorization for injections she gave, or
that she worked to ensure payment by the insurance company.  See Dolcefino
v. Randolph, 19 S.W.3d 906, 916 (Tex. App.CHouston [14th
Dist.] 2000, pet. denied) (AIf the movant=s motion and
summary judgment proof facially establish his right to judgment as a matter of
law, the burden shifts to the non-movant to raise a material fact issue
sufficient to defeat summary judgment.@).








Nova proved that it sent the vials to Powells through the
Synagis program, it proved the price of the vials was the agreed price, and it
proved that it was not paid.  Powells in turn admitted the contract with Nova
and she admitted that she did not pay for the vials.  Although she claimed that
she did not receive the vials, she admitted that her patients received
them and the documentary evidence proved receipt of the vials.  On these facts,
Nova proved its claim as a matter of law. 

Powells=s attempt to avoid the sworn account
because she was not paid by either the insurance companies or the patients
fails.  The provisions allowing Powells to avoid payment (provisions 3(h), (j),
and (k)) are countered by the provisions requiring Powells to take specific
actions to ensure payment by the insurers (provisions 3(d)B(g) and (m)). 
Under the contract, Powells received the benefits of the program only if she
fulfilled her own obligations.  Powells never proved that she met any of her
obligations under the contract.  Having failed to prove that she met any of her
obligations under the contract, Powells=s attempt to avoid
payment for the vials is futile. 

In short, Powells failed to create a fact issue on Nova=s motion for
summary judgment, and we overrule this portion of Powells=s issue.

B.      Attorney=s Fees








The remainder of Powells=s issue complains
that Nova is not entitled to attorney=s fees of $9,000
because the amount is Aexcessive.@  Nova=s motion for
summary judgment included a request for attorney=s fees supported
by the affidavit of one of its attorneys, Glynda P. Stowers.  Powells contends
the requested attorney=s fees were contested in the affidavit of
her attorney, C.J. Calnan.  However, Calnan did not challenge the amount of the
fees; he merely stated that, in his opinion, no attorney=s fees should be
awarded because Nova failed to prove it was owed any money, except for one
injection that was reimbursed by insurance.[5] 
Because Powells did not assert this complaint in the court below, she has
preserved nothing for review.  See Tex.
R. App. P. 33.1(a). 

III.      Conclusion

We therefore overrule Powells=s issue in its
entirety and affirm the trial court=s judgment.

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed March 27, 2007.

Panel consists of
Justices Fowler, Edelman, and Frost.

 

 









[1]  Section (l) of the agreement is not relevant to this
issue.





[2]  Powells also appears to suggest that Dr. Powells
individually is not liable in the capacity in which she was sued.  However,
this argument was not raised in response to Nova=s motion for summary judgment; therefore, we do not consider it. 
Likewise, Powells did not raise section (k) of the physician agreement in its
objection to Nova=s summary judgment motion.





[3]  Although the word is partly illegible in the
contract we have, it must be Aof@ or Afrom@ or a word with similar meaning.





[4]  Again, the word is partly illegible in our record,
but the only logical choice based on letters we can read is Aassistance.@





[5]  Although Powells does not direct this Court=s attention to it, Powells=s objection to Nova=s
motion to modify the judgment included another affidavit by attorney Calnan, in
which he averred the following: AI
have reviewed the affidavit of Attorney Glenda Stowers and the amounts she
seeks are not reasonable or [sic] are they necessary.@  However, this conclusory statement, unsupported by
facts, is insufficient to raise a material issue of fact on the alleged excessiveness
of Nova=s attorney=s
fee award.  See Skelton v. Comm'n for Lawyer Discipline, 56 S.W.3d 687,
692 (Tex. App.CHouston [14th Dist.] 2001, no pet.) (A[a]ffidavits containing conclusory statements
unsupported by facts are not competent summary judgment proof.@).