NUMBER 13-05-385-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 



CYNTHIA AND JOSE C. CESPEDES, INDIVIDUALLY 

AND D/B/A A BLOOMING AFFAIR, Appellants,


v.
 


AMERICAN EXPRESS-CA, Appellee.

 


On appeal from the County Court at Law No. 1 


of Hidalgo County, Texas.


 



MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Rodriguez and Garza


Memorandum Opinion by Justice Rodriguez



 Appellee, American Express-CA, brought suit against appellants, Cynthia and
Jose C. Cespedes, individually and d/b/a A Blooming Affair, on a sworn account. (1) 
Appellee filed a motion for summary judgment, which the trial court granted. The
judgment purported to be final. By three issues, appellants contend that the trial court
erred in: (1) issuing a judgment which purports to be final, but which does not dispose
of appellants' counterclaim or third-party claims; (2) refusing to set appellants' motion
to transfer venue for hearing; and (3) improperly granting summary judgment in favor
of appellee. No appellee's brief has been filed. We affirm, in part, and reverse and
remand, in part, to the trial court for further proceedings.

I. Procedural Background

 On August 17, 2004, appellee sued appellants on a sworn account alleging that
appellants owed it $25,042.51 for the lease of engraving equipment. See Tex. R. Civ.
P. 185. Appellants filed a verified denial subject to a motion to transfer venue. 
Appellants asserted various defenses. (2) Appellee filed a motion for summary judgment
claiming it had established a sworn account and challenging appellants' defenses. 
After appellee filed its summary judgment motion, appellants amended their answer,
subject to their venue motion, to include a counterclaim alleging Deceptive Trade
Practice Act (DTPA) violations against appellee and third-party claims against the
sellers of the engraving machine, Levi Judson and Signature Engraving Systems, Inc. 
Appellants also sought a declaratory judgment against appellee asking the trial court
for a determination that the contract at issue was unenforceable. In their response to
appellee's motion for summary judgment, appellants objected to appellee's alleged
failure to specify the grounds for its motion and its attempt to collect attorney's fees
on a contingency basis. In support of their response, appellants filed the affidavit of
appellant Jose C. Cespedes.

 On March 3, 2005, without stating the grounds upon which it was granted, the
trial court granted summary judgment in favor of appellee and against appellants. The
trial court awarded appellee $25,042.51 for the principal amount due, pre- and post-judgment interest, $8,347.42 for attorney's fees, and costs of court. The judgment
made no specific mention of appellants' declaratory judgment or their DTPA claims,
but did state that "[t]his judgment disposes of all parties and claims and is final and
appealable." In their motion for new trial, appellants challenged the finality of the
judgment as to their claims. This appeal ensued.

II. Analysis

A. Finality of judgment

 By their first issue, appellants allege that the trial court committed error when
it issued a judgment which purported to be final but did not dispose of their
counterclaim or third-party claim. Appellants assert the judgment is, therefore, not
final and this Court is without jurisdiction to review the judgment at issue in this case.

 Unless otherwise authorized, an appeal may only be taken from a final judgment
or order. Tex. Civ. Prac. & Rem. Code Ann. § 51.012 (Vernon 1997), § 51.014
(Vernon Supp. 2006). The Texas Supreme Court has held that a judgment without a
conventional trial is final for purposes of appeal if, and only if, either (1) it actually
disposes of all claims and parties then before the court, regardless of its language, or
(2) it states with unmistakable clarity that it is a final judgment as to all claims and all
parties. Lehmann v. Har-Con, 39 S.W.3d 191, 192-93 (Tex. 2001) (surveying Texas
cases on the subject dating from 1849 through the twentieth century). In Lehmann,
the supreme court also stated that "because the law does not require that a final
judgment be in any particular form, whether a judicial decree is a final judgment must
be determined from its language and the record in the case." Id. at 195. If the order
does not dispose of every pending claim and party but is "clearly and unequivocally"
final on its face, it "is not interlocutory merely because the record does not afford a
legal basis for the adjudication." Id. at 206. "In those circumstances, the order must
be appealed and reversed." Id. Similarly, "granting more relief than the movant is
entitled to makes the order reversible, but not interlocutory." Id. at 204.

 In this case, the trial court's judgment clearly and unequivocally states the
following: "This judgment disposes of all parties and claims and is final and
appealable." Based on this language, there is no doubt about the trial court's
intention. See id. at 206. While the judgment does not specifically dispose of the
claims by appellants/counter-plaintiffs against appellee/counter-defendant American
Express-CA or third-party counter-defendants Signature Engraving and Levi Judson,
according to the supreme court this is a final judgment for purposes of appeal. Ritzell
v. Espeche, 87 S.W.3d 536, 538 (Tex. 2002) (per curiam). Consistent with current
supreme court jurisprudence, a judgment that purports to be final, even if erroneously
so, is final for purposes of appeal, and we have jurisdiction to review the issues
presented on appeal. (3) See id.; Lehmann, 39 S.W.3d at 206. Appellants' first issue
is overruled.

B. Venue

 By their third issue, appellants argue that the trial court improperly refused to
conduct a hearing on their motion to transfer venue. See Tex. R. Civ. P. 87. 
Appellants argue that after they challenged venue, appellee did not meet its burden of
presenting prima facie proof that venue was maintainable in Hidalgo County. See In
re Mo. Pac. R.R. Co., 998 S.W.2d 212, 216 (Tex. 1999). As the trial court made no
venue ruling, appellants assert that the fact issue of venue was incorrectly subsumed
in granting the summary judgment, and, thus, the judgment was improper. We disagree.

 Appellate courts have "long recognized . . . that the matter of venue is a
personal privilege that a party may expressly or impliedly waive." Huey v. Huey, 200
S.W.3d 851, 853 (Tex. App.-Dallas 2006, no pet.); see Grozier v. L-B Sprinkler &
Plumbing Repair, 744 S.W.2d 306, 309 (Tex. App.-Fort Worth 1988, writ denied). 
Movants, such as appellants, have the duty to request a hearing on their motion to
transfer and, if they fail in this duty, waive their motion to transfer venue. See Tex.
R. Civ. P. 87(1); Grozier, 744 S.W.2d at 312. Moreover, a party waives his venue
motion by failing to pursue a hearing or by taking actions which are inconsistent with
his appellate position that the venue issue is unresolved. See id. at 309-12. An
appellate court must conduct an independent review of the entire record to determine
whether venue was proper in the ultimate county of suit. Ruiz v. Conoco, Inc., 868
S.W.2d 752, 758 (Tex. 1993).

 In this case, appellants prayed for a hearing in their motion to transfer venue
that was filed on September 20, 2004. As noted on the trial court's docket, the
motion was set to be heard on November 18, 2004. (4) However, on November 17,
2004, appellants' counsel called the trial court requesting that the hearing be passed. 
Appellants also filed a motion for continuance on November 17, 2004. The hearing
on the motion to transfer venue was rescheduled for December 13, 2004.

 On January 18, 2005, when appellants filed their first amended verified denial,
first amended answer, and counterclaim subject to their motion to transfer venue, they
again urged that the trial court set a hearing on their venue motion. Furthermore,
appellants did not include any statement about the venue motion in their February 14,
2005 response to appellee's December 20, 2004 motion for summary judgment. On
March 3, 2005, the trial court granted summary judgment in favor of appellee and
against appellants, and on March 31, 2005, appellants filed a motion for new trial,
again making no reference to their motion to transfer venue.

 Other than the two venue motions, the only activity relating to appellants'
request for a hearing on their venue motion was notations on the trial court's docket
sheet showing that the venue matter was set for a hearing on November 18, 2004 and
that, one day earlier, appellants called to reschedule the hearing. The docket sheet
also shows that the hearing was rescheduled for December 13, 2004. Appellants
passed the November hearing, and apparently did not pursue the rescheduled
December hearing. And we find nothing in the record establishing that a hearing was
scheduled following the filing of the amended motion to transfer venue on January 18,
2005. The fact that appellants passed the November hearing, did not pursue the
December hearing, and did not request a hearing after filing their amended motion to
transfer venue is affirmative evidence that they waived their motion to transfer venue. 
See Grozier, 744 S.W.2d at 311.

 In the absence of a showing that a movant pursued a hearing before the court,
an appellate court may also look to other matters in the record to determine whether
or not the movant either expressly or impliedly waived the rights conferred upon him
by the venue statute. See id. The trial court's docket sheet indicates that appellants
filed a motion for continuance on November 17, 2004. (5) Also appellants filed their
response to appellee's motion for summary judgment but did not make it subject to
their motion to transfer venue. See Grozier, 744 S.W.2d at 311. These acts and
failures to act are inconsistent with appellants' venue motion and with their present
appellate position. See id; Mooney Aircraft, Inc. v. Adams, 377 S.W.2d 123, 126
(Tex. Civ. App.-Dallas 1964, no writ). They indicate an intent that appellants did not
desire the trial court's ruling on their venue claim and that they were waiving their
motion. See id; Mooney Aircraft, 377 S.W.2d at 126. It is evidence of an implied
waiver of their motion to transfer venue. We overrule appellants' third issue.

C. Summary Judgment

 By their second issue, appellants contend the trial court erred in granting
appellee's motion for summary judgment because there were numerous unresolved
fact issues on the sworn account and on their affirmative defenses. Appellants also
contend that because they filed a verified denial appellee cannot rely on the pleadings
to support its motion for summary judgment. We disagree.

1. The Law

 To prevail in a traditional motion for summary judgment, the moving party has
the burden of showing that there is no genuine issue of material fact and that it is
entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); Cathey v. Booth, 900
S.W.2d 339, 341 (Tex. 1995) (per curiam); Tweedell v. Hochhiem Prairie Mut. Ins.
Ass'n, 1 S.W.3d 304, 306 (Tex. App.-Corpus Christi 1999, no pet.). When a
defendant fails to file a sworn denial supported by an affidavit, a court of appeals is
limited in what it can consider to set aside a summary judgment on a sworn account
because the defendant will not be permitted to dispute the plaintiff's claim. Panditi v.
Apostle, 180 S.W.3d 924, 926-927 (Tex. App.-Dallas 2006, no pet.) (citing Price v.
Pratt, 647 S.W.2d 756, 757 (Tex. App.-Corpus Christi 1983, no writ)). "However,
it is within the province of the court of appeals to determine, as a matter of law,
whether the pleadings are sufficient on their face to constitute a sworn account." See
id. (citing Price, 647 S.W.2d at 757).

 Finally, when a plaintiff files a traditional motion for summary judgment in an
action in which the defendant has pleaded an affirmative defense, the plaintiff is
entitled to summary judgment if he demonstrates that there is no material factual issue
regarding the elements of his claim, unless the defendant shows there is a disputed
fact issue regarding the affirmative defense. Bauer v. Jasso, 946 S.W.2d 552, 555
(Tex. App.-Corpus Christi 1997, no pet.). We review summary judgments de novo, 
Natividad v. Alexis, Inc., 875 S.W.2d 695, 699 (Tex. 1994); Tex. Commerce Bank-Rio
Grande Valley, N.A. v. Correa, 28 S.W.3d 723, 726 (Tex. App.-Corpus Christi 2000,
pet. denied), taking as true all evidence favorable to the non-movant and indulging
every reasonable inference in the non-movant's favor. Trigo v. Munoz, 993 S.W.2d
419, 421 (Tex. App.-Corpus Christi 1999, pet. denied).

2. Sworn Account

 This case involves a suit on a sworn account arising out of the use of an
engraving machine provided to appellants by appellee. Rule 185 of the Texas Rules
of Civil Procedure sets out the criteria for a suit on account and defines an open
account to include "any claim . . . for personal services rendered." See Tex. R. Civ.
P. 185. "[I]t is a rule of procedure regarding the evidence necessary to establish a
prima facie right of recovery." Panditi, 180 S.W.3d at 926. Under rule 185, a
plaintiff's petition on a sworn account must (1) contain a systematic, itemized
statement of the goods or services sold, (2) reveal offsets made to the account, and
(3) be supported by an affidavit stating the claim is within the affiant's knowledge, and
that it is due and "just and true." Tex. R. Civ. P. 185; Powers v. Adams, 2 S.W.3d
496, 498 (Tex. App.-Houston [14th Dist.] 1999, no pet.); see PennWell Corp. v. Ken
Assocs., 123 S.W.3d 756, 765 (Tex. App.-Houston [14th Dist.] 2003, pet. denied). 
Such a petition with its supporting affidavit creates an evidentiary presumption in favor
of the plaintiff. See Powers, 2 S.W.3d at 498. However, when a defendant files a
sworn denial of the plaintiff's account supported by an affidavit denying the account
as required by rule 93(10), see Tex. R. Civ. P. 93(10), the evidentiary presumption is
destroyed and the plaintiff is forced to introduce proof of its claim. Powers, 2 S.W.3d
at 498 (citing Roberts Express, Inc. v. Expert Transp., Inc., 842 S.W.2d 766, 770
(Tex. App.-Dallas 1992, no writ)).

 In this case, appellee's petition on a sworn account was supported by the
affidavit of Mark Bregar. In his affidavit, Bregar set out (1) that the accounting records
showed a principal balance of $25,042.51, (2) that the account was just and true
within his knowledge, (3) that the claim was due to appellee from appellants, and (4)
that all just and lawful offsets, payments, and credits had been allowed. Appellants'
accounting records and the agreement at issue were attached to Bregar's affidavit and
supported as business records. We conclude that appellee's petition with its
supporting affidavit provided prima facie proof of the sworn account and created an
evidentiary presumption in favor of appellee. See Powers, 2 S.W.3d at 498; Copeland
v. Hunt, 434 S.W.2d 156, 158 (Tex. App.-Corpus Christi 1968, writ ref'd n.r.e.). As
a matter of law, the pleadings were sufficient on their face to constitute a sworn
account. See Price, 647 S.W.2d at 757.

 In response to appellee's petition, appellants filed a verified denial urging various
defenses. Appellants generally claimed that the sworn account was defective. 
However, appellants did not file a supporting affidavit denying the account. See Tex.
R. Civ. P. 93(10), 185. The two affidavits appellants filed with the verified denial
addressed only venue issues. The evidentiary effect of the itemized account, as set
out in appellee's original petition with supporting affidavit, was not, therefore,
destroyed. See PennWell Corp., 123 S.W.3d at 765; Powers, 2 S.W.3d at 498. 
Because appellants did not support their claims with an affidavit, appellee, as
plaintiff/summary judgment movant, was not forced to put on proof of its claim in the
summary judgment proceeding, but rather was entitled to summary judgment on the
pleadings. See PennWell Corp., 123 S.W.3d at 765; Powers, 2 S.W.3d at 498. 
Moreover, appellee informed the trial court in its motion that it was relying on the
pleadings on file. Therefore, based on appellee's prima facie proof, we conclude that
appellee established that there is no genuine issue of material fact and that it is entitled
to the summary judgment as a matter of law on its sworn account claim. See Tex. R.
Civ. P. 166a(c).

3. Affirmative Defenses

 Appellants also contend, in their second issue, that fact issues remain on their
failure of consideration and fraud affirmative defenses. In support of these assertions,
appellants attached to their response to appellee's motion for summary judgment the
affidavit of appellant Jose C. Cespedes. See Bauer, 946 S.W.2d at 555 (providing
that appellants must establish there is a disputed fact issue regarding their affirmative
defenses). Cespedes's affidavit provides the following, in relevant part:

 Prior to the transaction which forms the basis of this litigation, extensive
discussions were made with Plaintiff's agent that participated in the sale
of the subject machine in question. Particularly, said agent materially
misrepresented the contact in question, misrepresented how the payment
schedule was to be applied against the principal balance, which in fact,
it was not to be applied against the principal balance, but rather, was
simply rental, misrepresented that the subject contract allowed for early
payoff, which in fact, does not, and misrepresented the overall
transaction made the basis of this litigation. The misrepresentation of
these material facts negates in whole or in part any consideration, if any,
that was exchanged between the parties. There was lack of meeting of
the minds, and we would not have ever entered into a transaction in
question, in which we would be prohibited from paying off the principal
balance;


 Plaintiff has overcharged us, and failed to provide credit for insurance on
the subject unit made the basis of this litigation.


 As we concluded above, appellee has demonstrated that there is no material
fact issue regarding its sworn account claim. Based on Joel Cespedes's affidavit, we
cannot conclude that appellants have shown that there is a disputed fact issue as to
their affirmative defenses. See id. The affidavit states conclusions only and sets out
no facts concerning claims or defenses. See Alvarado v. Old Republic Ins. Co., 951
S.W.2d 254, 261 (Tex. App.-Corpus Christi, 1997, no pet.). "Legal conclusions in
affidavits are insufficient to raise fact issues in response to motions for summary
judgments." Id. (citing Mercer v. Daoran Corp., 676 S.W.2d 580, 583 (Tex. 1984).

4. Attorney's Fees

 Finally, in their second issue, appellants assert that the trial court erred in
awarding appellee attorney's fees as part of the judgment because the fees were not
supported by the evidence and because a contingency fee is insufficient to support an
award of attorney's fees in a breach of contract case. "A person may recover
reasonable attorney's fees from an individual or corporations, in addition to the amount
of a valid claim and costs, if the claim is for . . . a sworn account." Tex. Civ. Prac.
& Rem. Code Ann. § 38.001 (Vernon 1997). However, the claimant must be
represented by counsel, the claim must be presented to the opposing party, and 
payment must not have been tendered before the expiration of the thirtieth day after
the claim was presented. Id. § 38.002 (Vernon 1997); see Doncaster v. Hernaiz, 161
S.W.3d 594, 606 (Tex. App.-San Antonio 2005, no pet.). Moreover, "[i]t is
presumed that the usual and customary attorney's fees for a claim of the type
described in Section 38.001 are reasonable . . . [although] [t]he presumption may be
rebutted." Tex. Civ. Prac. & Rem. Code Ann. § 38.001 (Vernon 1997).

 In its petition appellee prayed for attorney's fees, and in its motion for summary
judgment appellee requested fees in the amount of one-third of the principal balance
sued upon. In support of this request, appellee relied on the affidavit of Paul R. Wilson
wherein he stated, among other things, that "[a] usual and customary attorney fee for
prosecution of a collection matter on a contingent fee basis in the county where this
suit lies is one-third of the principal balance sued upon." On appeal, appellants
challenge only the reasonableness of the attorney's fees, arguing that a contingency
fee is insufficient to support an award of attorney's fees in a breach of contract case. (6) 
However, appellants have provided no evidence controverting appellee's supporting
affidavit. Therefore, the presumption that the usual and customary attorney's fees for
the handling of this sworn account are reasonable has not been rebutted in this case;
no fact issue has been created. Based on the above, appellee has established its
entitlement to the award of attorney's fees in the amount of $8,347.42. See id. §§
38.001, 38.002, 38.003 (Vernon 1997).

 Appellant's second issue is overruled.

III. Conclusion

 Accordingly, having determined we have jurisdiction to review the sworn
account issues presented on appeal, we affirm the trial court's judgment to the extent
it grants summary judgment in favor of appellee on the sworn account. However,
having also determined that all claims have not been disposed of in this case, we
reverse the judgment as to appellants' remaining claims and remand those claims to
the trial court for further proceedings. See Ritzell, 87 S.W.3d at 538; Lehmann, 39
S.W.3d at 206.

 

 

 NELDA V. RODRIGUEZ

 Justice


Memorandum Opinion delivered and 

filed this 10th day of May, 2007.
1. The substance of appellee's claim is breach of contract. It also asserts quantum meruit as a
cause of action. However, because we dispose of the summary judgment issue in this appeal on a
procedural basis, see Tex. R. Civ. P. 185 (providing for only a procedure for the presentation of specific
substantive claims enumerated in the rule), we need not address appellee's substantive claims. See Tex.
R. App. P. 47.1.
2. Appellants asserted the following defenses in their verified denial: (1) that appellee failed to
properly give notice and proof of claim for damages; (2) that the contract/agreement failed for lack of
consideration; and (3) that the contract/agreement was based upon inadequate consideration. They also
asserted defenses of fraud and misrepresentation. Additionally, appellants contended that they were
excused under the contract because of their mistaken belief regarding its terms. 
3. We have determined that this Court has jurisdiction to review appellants' issues regarding the
trial court's granting of appellee's motion for summary judgment on the sworn account. We have also
determined, however, from our review of the record, that appellants' counterclaims and crossclaims
against appellee and the sellers of the engraving machine were not disposed in the summary judgment
proceeding and were not made moot as the result of the entry of the summary judgment. The judgment
was entered, in error, as to those claims. Therefore, pursuant to Lehman and Ritzell, appellants'
counterclaims and crossclaims must be remanded to the trial court for further proceedings. Ritzell v.
Espeche, 87 S.W.3d 536, 538 (Tex. 2002) (per curiam)
; Lehmann v. Har-Con, 39 S.W.3d 191, 192-93
(Tex. 2001).
4. Although a docket entry forms no part of the record which may be considered as it is a
memorandum made for the trial court and clerk's convenience, see Aguirre v. Phillips Props., 111
S.W.3d 328, 333 (Tex. App.-Corpus Christi 2003, pet. denied), we refer to it because appellants cite
to the docket sheet in the clerk's record in support of their assertion that the trial court abused its
discretion in refusing to set the motion to transfer venue for hearing. See generally, N-S-W Corp. v.
Snell, 561 S.W.2d 798. 799 (Tex. 1977) (orig. proceeding) (holding that "a docket entry may be
considered to supply facts in certain situations," specifically to supply facts in certain situations to
correct clerical errors in judgments or orders); Energo Int'l Corp. v. Modern Indus. Heating, Inc., 722
S.W.2d 149, 151 n.2 (Tex. App.-Dallas 1986, no writ) (discussing N-S-W Corp., 561 S.W.2d at 799);
see also Guyot v. Guyot, 3 S.W.3d 243, 246-48 (Tex. App.-Fort Worth 1999, no pet.); cf. Ross v.
Arkwright Mut. Ins. Co., 892 S.W.2d 119, 129 (Tex. App.-Dallas 1994, no writ) (holding that properly
authenticated docket sheets served with affidavits were proper summary judgment proof where
affidavits relied in part on the docket sheets to show that no extraordinary writs or other process had
been issued, and the affidavits also contained statements based on affiant's involvement in and personal
knowledge of the suit).
5. Because the motion for continuance does not appear in the record, we do not know if it was
filed subject to appellants' venue motion.
6. In their response, appellants also asserted that appellee failed to comply with the attorney's fee
notice provisions of chapter 38 of the Texas Civil Practice and Remedies Code and PP&G Indus. v. J&B-Houston Ctrs., 41 S.W.3d 270, 285 (Tex. App.-Houston [14th Dist.] 2001), rev'd on other grounds,
146 S.W.3d 79, 82-83 (Tex. 2004). This argument, however, is not brought on appeal.