Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



★　　★　　★　　　　　　　　　　　　　　　　★　　★　　★

# MEMORANDUM OPINION

No. 04-08-00550-CV

Moses **LOPEZ** d/b/a Moses Lopez Custom Homes and Moses Lopez Custom Homes, Inc.,
Appellants

v.

**M. G. BUILDING MATERIALS**, Ltd.,
Appellee

From the County Court at Law No. 2, Bexar County, Texas
Trial Court No. 284228
Honorable Irene Rios, Judge Presiding

Opinion by:　　Karen Angelini, Justice

Sitting:　　　　Catherine Stone, Chief Justice
　　　　　　　　Karen Angelini, Justice
　　　　　　　　Phylis J. Speedlin, Justice

Delivered and Filed:　June 3, 2009

AFFIRMED

This is an appeal from a trial court judgment awarding M.G. Building Materials ("MG")

$16,242.78 jointly and severally against Moses Lopez ("Lopez") and Moses Lopez Custom Homes,

Inc. Lopez brings two issues on appeal: (1) the trial court erred in awarding judgment against Moses

Lopez Custom Homes, Inc.; and (2) the trial court erred in awarding judgment against Lopez as a

guarantor of the indebtedness of Moses Lopez Custom Homes, Inc. We affirm.

**BACKGROUND**

In 1995, Lopez submitted a credit application to MG, a building materials supplier. On the application, Lopez noted he was the individual owner of an entity named Moses Lopez Custom Homes. The end of the application included a section titled "Continuing Guaranty," which read as follows:

> In order to induce MG Building Materials, Inc. to extend credit to <u>Moses Lopez Custom Homes</u> I, or we, hereby guarantee the accounts of _____.
> This a [sic] continuing guarantee and shall remain in force until revoked by me, or us, by notice in writing . . . . This obligation shall cover the renewal of any claims guaranteed by this instrument, or extension of payment of such claims, and notice of renewal or extension of time is hereby waived.

As noted, while Lopez completed the blank indicating credit was being extended to Moses Lopez Custom Homes, he did not complete the blank noting which accounts were guaranteed. Lopez's signature followed this section. Based on his application, MG extended credit to Lopez and provided him with an account. Lopez utilized the account regularly for the next seven years to purchase goods and materials on credit from MG.

In 2001, Lopez incorporated his sole proprietorship under the corporate name of Moses Lopez Custom Homes, Inc. Lopez never informed MG he had incorporated his business. For the next two years, Lopez charged goods and materials or allowed the charging of goods and materials for use by his corporation.

In 2003, a dispute arose between the parties, and MG filed suit to collect past-due charges on the account. Lopez answered and counterclaimed for usury. In 2005, MG amended its pleadings to add Moses Lopez Custom Homes, Inc. as a defendant; the corporation answered and also counterclaimed for usury. The case was tried before the trial court in 2007. The trial court issued

a judgment awarding MG $16,242.78 against Lopez and Moses Lopez Custom Homes, Inc. jointly and severally, after offsetting usury penalties assessed against MG. This appeal followed.

## DISCUSSION

In his first issue, Lopez argues the trial court erred in awarding judgment against Moses Lopez Custom Homes, Inc., as the corporation was not the account debtor. In its findings of fact, the trial court noted that Lopez signed the application assuming responsibility for the account, and that MG was unaware of the corporation's existence. However, in its conclusions of law, the trial court also noted that Moses Lopez Custom Homes, Inc.'s failure to pay the amounts due on the account constituted a failure to pay under the terms of a sworn account. Lopez argues that the findings of fact—that Lopez as an individual signed the application, and that MG was unaware of the corporation's existence—cannot be reconciled with the trial court's conclusion that Moses Lopez Custom Homes, Inc. is also liable for the debt based on the theory of sworn account. We disagree.

To prove a suit on a sworn account, MG had to show that: 1) it provided the sale and delivery of merchandise or performance of services to Moses Lopez Custom Homes, Inc.; 2) the amount of the account is "just," that is, the prices charged are pursuant to an express agreement, or in the absence of an agreement, that the charges are usual, customary, or reasonable; and 3) the outstanding amounts remain unpaid. *Hartney v. Mustang Tractor & Equipment Co.*, No. 04-03-00108-CV, 2004 WL 86140, *1 (Tex. App.—San Antonio January 21, 2004, no pet.) (mem. op.) (not designated for publication) (*citing Powers v. Adams*, 2 S.W.3d 496, 499 (Tex. App.—Houston [14th Dist.] 1999, no pet.)). In determining whether these requirements were met, we note that"[w]hen findings of fact are filed and are unchallenged, . . . they occupy the same position and are entitled to the same weight as the verdict of a jury." *McGalliard v. Kuhlmann*, 722

S.W.2d 694, 696 (Tex. 1986); *NCNB Texas Nat. Bank v. Anderson*, 812 S.W.2d 441, 444 (Tex. App.—San Antonio 1991, no pet.).

The findings of fact issued by the trial court in this case were unchallenged. The findings included the following: in 1995, Lopez signed the MG credit application, including the continuing guaranty in favor of MG to guaranty repayment of the amounts charged to the account; MG was unaware of Moses Lopez Custom Homes, Inc.'s incorporation; beginning in January 2001 (the time of the incorporation), Lopez permitted and caused Moses Lopez Custom Homes, Inc. to obtain goods and materials from MG; the charges for the goods provided by MG were reasonable and customary for such goods at the time the goods were sold and in the locale where they were sold; and the total amount owed for the goods charged to the account was $25,960.24 after all offsets, credits, and payments. Lopez argues that because the court found he was the account debtor, and Moses Lopez Custom Homes, Inc. was not a party to the express agreement, the trial court erred in finding the corporation liable. However, proof of a suit on a sworn account does not *require* an express agreement; in the absence of an agreement, the plaintiff can meet the second requirement by showing that the charges were usual, customary, or reasonable. *See Hartney*, 2004 WL 86140 at *1. Based on these findings of fact, the requirements for a suit on a sworn account were met. Consequently, the trial court did not err in awarding judgment against Moses Lopez Custom Homes, Inc. Lopez's first issue is overruled.

In his second issue, Lopez argues the trial court erred in granting judgment for MG against Lopez based on his breach of the guaranty agreement, because the corporation's name was not included in the relevant paragraph of the guaranty agreement. Lopez further argues he could not have guaranteed the debts of the corporation six years before its inception. To prove breach of

contract the following elements must be satisfied: "(1) a valid contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff was damaged as a result of the breach." *Richter v. Wagner Oil Co.*, 90 S.W.3d 890, 898 (Tex. App.—San Antonio 2002, no pet.).

Based on the trial court's unchallenged findings of fact, Lopez does not dispute the existence of a valid contract; nor does he dispute the trial court's findings that MG provided supplies and materials on credit as a result of the contract, Lopez failed to pay certain charges on the contract, and as a result $25,960.24 was owed for goods charged to the account after all offsets, credits, and payments. Lopez's sole complaint in this issue is that he cannot be held liable for debts incurred by the corporation, as it was not included in the terms of the contract.

As we have previously stated:

> In construing a written contract, we must ascertain and give effect to the parties' intentions as expressed in the document. We, therefore, look to the entire writing and attempt to harmonize and give effect to all the provisions of the contract by analyzing these provisions with reference to the whole agreement. Accordingly, no single provision is taken alone or given controlling effect; "rather, all the provisions must be considered with reference to the whole instrument." A contract is unambiguous, and construed as a matter of law, if we can give it a certain or definite legal meaning or interpretation. If an appellate court is unable to harmonize the provisions and give effect to all its clauses, the contract is susceptible to more than one reasonable interpretation and it is ambiguous.

*Killeen v. Lighthouse Elec. Contractors, L.P.*, 248 S.W.3d 343, 349 -350 (Tex. App.—San Antonio 2007, pet. denied) (internal citations omitted). Review of the trial court's findings of fact and conclusions of law reveal the trial court's judgment was not tied to Lopez guaranteeing the debts of the corporation; rather, Lopez breached the contract by failing to ensure payment of all amounts charged to his account. In its conclusions of law, the trial court held Lopez was never released from

the terms of the guaranty agreement, the guaranty agreement constituted a guaranty of any and all charges Lopez permitted or approved to the account, and therefore his failure to pay the amounts due on the account constituted a breach of contract. We agree with the trial court's assessment. Although Lopez did not complete the blank naming the account which he was guaranteeing, it was included as part of his application for credit for his sole proprietorship, Moses Lopez Custom Homes. Lopez signed the agreement guaranteeing repayment as an inducement for MG to extend credit to him. Lopez is correct in arguing this contract did not expressly bind him to debts incurred by Moses Lopez Custom Homes, Inc.; however, the contract's guaranty agreement bound Lopez to ensure payment of any charges to the account. Based on these findings, the trial court did not err in finding Lopez breached the contract. Lopez's second issue is overruled.

## CONCLUSION

The trial court did not err in awarding a joint and several judgment to MG against Moses Lopez Custom Homes, Inc. based on a suit on a sworn account and Moses Lopez as an individual based on breach of contract. Accordingly, the judgment of the trial court is affirmed.[1]

Karen Angelini, Justice

---

[1] We note M.G.'s argument that the trial court's judgment should be reformed to reflect that Lopez and Moses Lopez Custom Homes, Inc. may not recover appellate attorney's fees as appellants. Based on our opinion above, we need not address this issue.