Sheryl E. SMITH, Appellant,

v.

HENNESSEY & ASSOCIATES, INC. and M.D. Hennessey, Individually, Appellees.

No. 04–02–00349–CV.

Court of Appeals of Texas, San Antonio.

Feb. 5, 2003.

Danny R. Scott and Suzanne C. Pickering, Curney, Garcia, Wise & Farmer, P.C., San Antonio, for Appellant.

Thomas J. Walthall, Jr. and Brad L. Sklencar, The Gardner Law Firm, P.C., San Antonio, for Appellees.

Sitting: SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice, SANDEE BRYAN MARION, Justice.

## MEMORANDUM OPINION

Opinion by SANDEE BRYAN MARION, Justice.

The appellees filed a no-evidence motion for summary judgment on all of appellant's causes of action, which the trial court granted. Because all issues of law are settled, our opinion only advises the parties of the court's decision and the basic reasons for it. *See* TEX.R.APP. 47.4. We affirm.

## BACKGROUND

By way of background, the following is Smith's rendition of the events leading up to her lawsuit against appellees, Hennessey & Associates, Inc. and M.D. Hennessey (collectively, "Hennessey"). In July 1996, Melba Buck purchased a home located at 2915 Sky Cliff, San Antonio, Texas, with a mortgage from First American Bank. Ms. Buck is Smith's mother. In connection with the purchase, Hennessey appraised the property at the request of First American Bank. Hennessey represented to the bank that the house consisted of 3,000 square feet, at a price of approximately $45 per square foot. Relying on this appraisal, Ms. Buck purchased the property for $135,000. Ms. Buck agreed to purchase the house for her daughter's

benefit because, at the time of the purchase, Smith was unable to obtain a loan for herself. Ms. Buck knew Smith would occupy the house as her primary residence, make all loan payments, and refinance the loan when she was able to do so.

In July 2000, Smith listed the house for sale, representing it as a 3,000 square foot home. At the request of the Veteran's Administration, Stebbins Company performed an appraisal of the property, which revealed that the house consisted of only 2,552 square feet. Smith retained a third appraisal company, which confirmed the house consisted of 2,552 square feet. Smith sued Hennessey, alleging violations of the Deceptive Trade Practices Act (the "DTPA"), negligence, and breach of contract. The trial court rendered summary judgment in favor of Hennessey on all of Smith's causes of action. Although the trial court rendered summary judgment on all three of Smith's claims, on appeal, Smith challenges the summary judgment on her DTPA claim and negligence claim only. She does not complain that the court improperly rendered judgment on her breach of contract claim.

## DISCUSSION

In its summary judgment motion, Hennessey asserted there was no evidence that Smith was a "consumer" under the DTPA; that it had engaged in false, misleading, or deceptive acts; or that it had made any misrepresentations to Smith. Hennessey also asserted there was no evidence it owed a duty to Smith, or that its breach of any duty proximately caused damages to Smith. We review a no-evidence summary judgment under the well-established standard of review. *See Gomez v. Tri City Cmty. Hosp., Ltd.,* 4 S.W.3d 281, 283 (Tex.App.-San Antonio 1999, no pet.); *Moore v. K Mart Corp.,* 981 S.W.2d 266, 269 (Tex.App.-San Antonio 1998, pet. denied); Tex.R. Civ. P. 166a(i).

Proof of causation is essential for recovery on Smith's DTPA and negligence claims. For DTPA violations, only producing cause must be shown. Tex. Bus. & Com.Code Ann. § 17.50(a) (Vernon 2002); *Prudential Ins. Co. v. Jefferson Assocs. Ltd.,* 896 S.W.2d 156, 161 (Tex.1995). Negligence requires proof of proximate cause. *Prudential Ins.,* 896 S.W.2d at 160–61. "The element common to both proximate cause and producing cause is actual causation in fact. This requires proof that an act or omission was a substantial factor in bringing about injury which would not otherwise have occurred." *Id.* at 161. Accordingly, to defeat Hennessey's entitlement to a no-evidence summary judgment, Smith had the burden of bringing forth more than a scintilla of evidence on the element of causation.

In her response to Hennessey's summary judgment motion, Smith submitted Ms. Buck's affidavit and unverified copies of checks Smith had written payable to First American Bank. In her affidavit, Ms. Buck does not refer to the Hennessey appraisal;[1] she does not state she saw, much less relied upon, the appraisal; and she does not state she obtained the loan based on representations made by Hennessey about the home's square footage. Ms. Buck does not contend she suffered any damages as a result of any representations made by Hennessey. Smith herself did not submit an affidavit. The only allega-

---

1. Although a copy of the Hennessey appraisal was attached to Smith's petition, she did not attach a copy of the appraisal to her summary judgment response. An exhibit attached to a petition is not summary judgment proof. *See*

*Perry v. Houston Indep. Sch. Dist.,* 902 S.W.2d 544, 547 (Tex.App.-Houston [1st Dist.] 1995, writ dism'd w.o.j.); *Grimes v. Corpus Christi Transmission Co.,* 829 S.W.2d 335, 340 (Tex. App.-Corpus Christi 1992, writ denied).

tions regarding the Hennessey appraisal, its alleged misrepresentations, or any damages suffered by Smith as a result of those misrepresentations are the allegations contained in Smith's petition and her summary judgment response. However, pleadings are not competent summary judgment evidence. *Laidlaw Waste Sys., Inc. v. City of Wilmer,* 904 S.W.2d 656, 660 (Tex.1995); *Neimes v. Ta,* 985 S.W.2d 132, 137 (Tex.App.-San Antonio 1998, pet. dism'd by agr.). Because motions for and responses to summary judgment constitute pleadings, reiterations contained in those pleadings cannot form the basis for summary judgment. *Cuellar v. City of San Antonio,* 821 S.W.2d 250, 252 (Tex.App.-San Antonio 1991, writ denied).

## CONCLUSION

Smith did not bear her burden of bringing forth more than a scintilla of probative evidence sufficient to raise a genuine issue of material fact on the element of causation. Therefore, the trial court did not err in granting Hennessey's no-evidence motion for summary judgment as to Smith's DTPA and negligence claims. Accordingly, we affirm the trial court's judgment.