MEMORANDUM OPINION




No. 04-03-00285-CV



John D. WENNERMARK,


Appellant



v.



BEXAR COUNTY,


Appellee



From the County Court at Law No. 5, Bexar County, Texas


Trial Court No. 275768


Honorable David J. Rodriguez, Judge Presiding



Opinion by: Alma L. López, Chief Justice


Sitting: Alma L. López, Chief Justice

 Sandee Bryan Marion, Justice

 Phylis J. Speedlin, Justice


Delivered and Filed: October 8, 2003


REVERSED AND REMANDED

 John D. Wennermark ("Wennermark") appeals a summary judgment granted in favor of Bexar
County. Wennermark contends that summary judgment was improperly granted because Bexar County
did not present any evidence to support the summary judgment and Wennermark is not liable for fees
incurred on behalf of his clients. We reverse the trial court's judgment and remand the cause to the trial
court for further proceedings consistent with this opinion.

Background


 Bexar County filed an original petition against Wennermark alleging claims for breach of contract
and quantum meruit. In its petition, Bexar County alleges that Wennermark entered into an oral contract
with Bexar County agreeing to pay for Bexar County's services in executing several Writs of Execution and
Capias. In the alternative, Bexar County alleges that it is entitled to recover under the doctrine of quantum
meruit because it provided valuable services to Wennermark under notice that Bexar County expected to
be paid for its services. Bexar County further alleges that the total amount owed for its services is $900.00.

 Wennermark filed an answer containing a general denial, requesting that Bexar County be required
to prove all of its allegations, and also asserting numerous affirmative defenses. Bexar County filed a motion
for summary judgment but did not attach any evidence to its motion. In its motion, Bexar County contends
that the facts are undisputed and that a total fee of $900.00 had not been paid by Wennermark.
Wennermark filed a response, noting that Bexar County failed to attach affidavits or other evidence to
support its claims. The trial court granted the summary judgment.

Discussion


 Summary judgment is appropriate only when there are no disputed issues of material fact and the
moving party is entitled to judgment as a matter of law. Texas Commerce Bank, N.A. v. Grizzle, 96
S.W.3d 240, 252 (Tex. 2002). In reviewing a traditional motion for summary judgment, the reviewing
court must resolve every doubt and indulge every reasonable inference in the nonmovant's favor. Id. All
evidence favorable to the nonmovant will be taken as true. Id.

 Because Wennermark filed a general denial, Bexar County was required to prove every fact
essential to its case as a matter of law because the general denial joined issue on all material facts asserted
by Bexar County in its petition. Shell Chemical Co. v. Lamb, 493 S.W.2d 742, 744 (Tex. 1973). One
of the facts essential to Bexar County's breach of contract claim was the amount of damages to which it
was entitled, and in relation to its quantum meruit claim, Bexar County was required to prove that Bexar
County provided valuable services to Wennermark. See Heldenfels Bros., Inc. v. City of Corpus
Christi, 832 S.W.2d 39, 41 (Tex. 1992) (listing rendition of valuable services to party sought to be
charged as elements of quantum meruit); Southwell v. University of Incarnate Word, 974 S.W.2d 351,
354-55 (Tex. App.--San Antonio 1998, pet. denied) (listing damages resulting from breach as element
of breach of contract claim). Although Bexar County asserts in its motion that a total fee of $900.00 has
not been paid by Wennermark for Bexar County's services, Bexar County presented no summary
judgment proof to support this assertion. Given Wennermark's general denial, the facts are not
"undisputed" despite Bexar County's assertion to the contrary. Finally, although Bexar County lists the
case numbers and the fees for the services Bexar County alleges it provided to Wennermark in each cause,
pleadings do not qualify as competent summary judgment proof. Hidalgo v. Surety Sav. & Loan Ass'n,
462 S.W.2d 540, 544 (Tex. 1971); Smith v. Hennessey & Assocs., Inc., 103 S.W.3d 567, 570 (Tex.
App.--San Antonio 2003, no pet.).

 Because Bexar County failed to prove that there are no disputed issues of material fact and that
it is entitled to judgment as a matter of law, the trial court erred in granting summary judgment in favor of
Bexar County. The trial court's judgment is reversed, and the cause is remanded to the trial court for
further proceedings consistent with this opinion.


 Alma L. López, Chief Justice