Charles "Jack" WATSON, Appellant

v.

FROST NATIONAL BANK, Appellee.

No. 06–03–00118–CV.

Court of Appeals of Texas,
Texarkana.

Submitted April 20, 2004.

Decided June 30, 2004.

Robert D. Bennett, Robert D. Bennett & Associates, PC, Gilmer, TX, for appellant.

John R. Resendez, Law Office of John R. Resendez, San Antonio, TX, for appellee.

Before MORRISS, C.J., ROSS and CORNELIUS,* JJ.

## OPINION

Opinion by Justice CORNELIUS (Assigned).

Charles "Jack" Watson appeals an adverse summary judgment rendered by the Gregg County Court at Law in Frost National Bank's suit to collect a deficiency due on a retail installment note after acceleration and sale of collateral.

On February 8, 1997, Watson executed a vehicle retail installment note to Bass Chevrolet Company to finance the purchase of a 1994 Chevrolet S–10 truck. The note was payable in installments and was secured by a security interest in the vehicle. Bass Chevrolet assigned the note and security interest to Frost National Bank. Watson subsequently defaulted in the payment of the installments. The Bank notified Watson of the default, accelerated the installments, and sold the collateral on February 4, 1998. On January 5, 2001, the Bank filed suit against Watson, seeking a judgment for the amount of the debt remaining after the proceeds from the sale of the collateral had been credited and for attorneys' fees. Watson answered the suit, raising a general denial as well as

---

* William J. Cornelius, Chief Justice, Retired,    Sitting by Assignment.

other defenses, including limitations. The answer had a verification attached to it, but the verification was never signed or acknowledged.

On October 1, 2002, the Bank filed a traditional motion for summary judgment. *See* TEX.R. CIV. P. 166a. The motion alleged that there was no genuine issue of fact and the Bank was entitled to judgment as a matter of law. The motion had attached to it copies of the note and security agreement, and affidavits containing summary judgment evidence on all elements of the Bank's cause of action, including attorneys' fees. Watson failed to file a response to this motion. On October 22, 2002, the trial court granted the Bank's motion for summary judgment. Sometime later, Watson filed a motion for new trial, alleging he did not receive notice of the hearing on the Bank's motion for summary judgment. The trial court granted Watson's motion for new trial on December 12, 2003.

On July 2, 2003, the Bank filed a motion for a "no-evidence" summary judgment. *See* TEX.R. CIV. P. 166a(i). Watson filed a response to this motion, but all his assertions and arguments were contained in the response itself, and he did not present any summary judgment evidence, either supporting his defenses or contradicting the Bank's summary judgment evidence supporting its claims.

On July 7, 2003, the trial court set a hearing for August 14, 2003, on both the Bank's traditional motion for summary judgment and its no-evidence motion for summary judgment. After the hearing, the trial court rendered summary judgment in favor of the Bank on all issues. We will affirm the judgment.

■ The trial court properly rendered summary judgment in favor of the Bank. At the time the trial court considered summary judgment, there were two motions pending, both filed by the Bank. One was a traditional motion for summary judgment, and the other was a no-evidence motion. *See* TEX.R. CIV. P. 166a(c), (i). These motions addressed all elements of the Bank's causes of action, as well as Watson's alleged defenses of limitations, laches, estoppel, accord and satisfaction, waiver, lack of commercially reasonable sale, and lack of adequate proceeds from the sale of the collateral. Watson responded to the no-evidence motion for summary judgment, but supported the response with no summary judgment evidence whatever. Because Watson did not produce any summary judgment evidence in response to either of the Bank's motions, the trial court was required to render summary judgment for the Bank. *See* TEX.R. CIV. P. 166a(c), (i); *Dubois v. Harris County*, 866 S.W.2d 787 (Tex.App.-Houston [14th Dist.] 1993, no writ).

■ Watson argues that, because in his response he referred to facts that showed limitations barred the Bank's suit, he raised a fact issue on that question and summary judgment was improper. We disagree. Watson only raised this alleged fact in his pleadings and in his response. Neither pleadings nor responses to summary judgment motions constitute summary judgment evidence. *Laidlaw Waste Sys., Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex.1995); *Smith v. Hennessey & Assoc., Inc.*, 103 S.W.3d 567, 569 (Tex. App.-San Antonio 2003, no pet.).

Moreover, the record, the summary judgment evidence, and Watson's own brief in this appeal conclusively show that Watson's allegation of the date the suit was filed, April 11, 2002, is incorrect and the suit was actually filed on January 5, 2001. Thus, the action was not barred by either the four- or the six-year statute of limitations. *See* TEX. BUS. & COM.CODE ANN.

§ 3.118 (Vernon 2002); Tex. Civ. Prac. & Rem.Code Ann. § 16.004(3) (Vernon 2002).

We affirm the judgment of the trial court.