In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00075-CV

                                                ______________________________

 

 

                                       JASON BLAKENEY,
Appellant

 

                                                                V.

 

                  CLIFTON L. HOLMES AND JOE SHUMATE, Appellees

 

 

                                                                                                  


 

 

                                      On Appeal from the Fourth
Judicial District Court

                                                              Rusk County, Texas

                                                          Trial Court
No. 2008-379

 

                                                       
                                           

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                      MEMORANDUM OPINION

 

            Jason
Blakeney was represented by appointed counsel Clifton L. Holmes and Joe Shumate
after being indicted for capital murder in 2002.  Pursuant to a negotiated plea agreement,
Blakeney pled guilty to a lesser included offense of murder and was sentenced
to life imprisonment.  Over six years
later, Blakeney filed an action for fraudulent misrepresentation, “tortious
interference with prosecutive business relations,” and breach of fiduciary duty
against his appointed counsel, claiming they had reneged on a promise to pay
him $8,000.00 to plead guilty to murder so they would not have to go to
trial.  

            Holmes and
Shumate filed no evidence and traditional motions for summary judgment denying
the existence of such an agreement.  In
his response, Blakeney referred to the following as summary judgment evidence:[1]  Holmes’ responses to requests for admission
denying any promise for payment made to Blakeney; docket sheets from Blakeney’s
criminal case; a letter from the Holmes law office enclosing copies of “TDCJ
inmate trust fund deposit slip and Regions Bank money order secured by
Defendant Holmes,” which Blakeney’s pleadings argued were a first installment
of the $8,000.00 promised; and proof that Holmes and Shumate represented him in
the criminal case.   The trial court
granted Holmes’ and Shumate’s motions for summary judgment.  We affirm the trial court’s judgments.[2]

I.         Blakeney Did Not Preserve Error on
Recusal and Default Judgment Points of Error

 

            Blakeney
alleges for the first time on appeal that the trial judge was required to
recuse due to possible impartiality.  He
also complains of the trial court’s failure to rule on his motion for default
judgment.  To preserve a complaint for
appellate review, a party must make the complaint to the trial court by a
timely request, objection, or motion.  Tex. R. App. P. 33.1(a)(1).
Preservation also requires one of three things:  (1) an express ruling by the trial court; (2)
an implicit ruling by the trial court; or (3) a refusal to rule by the trial
court, coupled with an objection to that refusal by the complaining party.  Tex. R.
App. P. 33.1(a)(2).  This record
contains no evidence that the issue of recusal was raised with the trial
court.  Also, the motion for default
judgment was filed after Holmes had answered the suit and six days before
Shumate filed his answer.  Consequently,
there is no ruling on the motion for default judgment and no objection to the
trial court’s refusal to rule, if any. 
The record demonstrates that these issues were not preserved below, and
we decline to address them.  Tex. R. App. P.
33.1.  

II.       Trial Court Properly Granted Summary
Judgment 

 

            A.       Standard
of Review

 

            Next,
Blakeney raises eight other grounds, essentially complaining that the trial
court erred in granting the motions for summary judgment.[3]  We employ a de novo review of the trial court’s
grant of a summary judgment, which is based on written pleadings and written
evidence.  Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005); Lamar v. City of Longview, 270 S.W.3d
609, 613 (Tex. App.—Texarkana 2008, no pet.); see Tex. R. Civ. P.
166a(c).  Summary judgment is proper if
Holmes and Shumate established that there was no genuine issue of material fact
and that they are entitled to judgment as a matter of law.  Tex.
R. Civ. P. 166a(c); French v. Gill,
252 S.W.3d 748, 751 (Tex. App.—Texarkana 2008, pet. denied); Powers v. Adams, 2 S.W.3d 496, 497 (Tex.
App.—Houston [14th Dist.] 1999, no pet.) (citing Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex.1985)). 

            During
our analysis of the traditional motion, and in deciding whether there is a
disputed material fact issue which precludes summary judgment, proof favorable
to the nonmovant will be taken as true, and every reasonable inference will be
indulged in their favor.  Limestone Prods. Distrib., Inc. v. McNamara,
71 S.W.3d 308, 311 (Tex. 2002); Nixon,
690 S.W.2d at 548–49.  A no-evidence
summary judgment is essentially a pretrial directed verdict.  We, therefore, apply the same legal
sufficiency standard in reviewing a no-evidence summary judgment as we apply in
reviewing a directed verdict to determine whether the nonmovant produced any
evidence of probative force to raise a fact issue on the material questions
presented.  Wal-Mart Stores, Inc. v. Rodriguez, 92 S.W.3d 502, 506 (Tex. 2002);
Woodruff v. Wright, 51 S.W.3d 727 (Tex.
App.—Texarkana 2001, pet. denied).  Blakeney
will defeat a no-evidence summary judgment motion if he presents more than a
scintilla of probative evidence on each element of his claim. King Ranch, Inc. v. Chapman, 118 S.W.3d
742, 751 (Tex. 2003). 

            The trial
court’s summary judgments specified no particular ground as supporting the
summary judgment.  When, as is the case
here, the trial court does not set out the grounds on which it ruled, we affirm
the summary judgment if any ground urged in the motion for summary judgment is
meritorious.  W. Invs., Inc. v. Urena, 162 S.W.3d 547, 550 (Tex. 2005).

            B.        Application

 

            To raise an issue
of fact regarding his fraudulent misrepresentation claim, Blakeney was required
to produce more than a scintilla of probative evidence on the first element
that Holmes and Shumate made a material representation; in this case, that
there was a promise to pay $8,000.00 in exchange for Blakeney’s plea of
guilt.  Tex. Integrated Conveyor Sys., Inc. v. Innovative Conveyor Concepts,
Inc., 300 S.W.3d 348, 366 (Tex. App.—Dallas 2009, pet. denied); Baribeau v. Gustafson, 107 S.W.3d 52, 58
(Tex. App.—San Antonio 2003, pet. denied). 
The only documents referencing such an agreement were Blakeney’s
pleadings.  “Neither pleadings nor
responses to summary judgment motions constitute summary judgment evidence.”  Watson
v. Frost Nat’l Bank, 139 S.W.3d 118, 119 (Tex. App.—Texarkana 2004, no
pet.) (citing Laidlaw Waste Sys., 904
S.W.2d at 660).  Moreover, a document
relied on by Blakeney, Holmes’ responses to requests for admission,
specifically denied the existence of a material representation.  We find that Blakeney presented no proof of
the first element of his fraudulent misrepresentation claim. 

            Next, in
order to avoid summary judgment on his tortious interference with business
relations cause of action, Blakeney was required to present more than a scintilla
of evidence that: (1) there was a reasonable probability that he would have
entered into a contractual relationship; (2) an independently tortious or
unlawful act by Holmes and Shumate prevented the relationship from occurring;
(3) the act was done with a conscious desire to prevent the relationship from
occurring or with knowledge that the interference was certain or substantially
certain to occur as a result of his conduct; and (4) Blakeney suffered actual
harm or damage as a result of the interference.  See Finlan v. Dallas Indep. Sch. Dist., 90
S.W.3d 395, 412 (Tex. App.—Eastland 2002, pet. denied); Ash v. Hack Branch Distrib. Co., 54 S.W.3d 401, 414–15 (Tex.
App.—Waco 2001, pet. denied).  The
elements of breach of fiduciary duty are:  the existence of a fiduciary relationship, and
a breach of duty by the fiduciary that causes damages to the client or improper
benefit to the fiduciary.  Burrow v. Arce, 997 S.W.2d 229, 237
(Tex. 1999).  There was no evidence
presented with regard to these elements for either cause of action, and
Blakeney’s responses to the motions for summary judgment stated simply that he
would “not waste the court’s time rehearsing here.”    

            We
find that Holmes and Shumate established that there were no genuine issues of
material fact with regard to any of Blakeney’s causes of action and that
Blakeney did not present more than a scintilla of probative evidence on each
element of his claims.  Therefore, Holmes
and Shumate were entitled to judgment as a matter of law. 

III.      Conclusion 

 

            We affirm the trial court’s
judgments. 

 

 

 

 

                                                                                    Jack
Carter

                                                                                    Justice

 

Date Submitted:          November
9, 2010      

Date Decided:             November
10, 2010











[1]Blakeney
also referred to pleadings, which are not summary judgment evidence.  Laidlaw
Waste Sys. (Dallas), Inc. v. City of Wilmer, 904 S.W.2d 656, 660 (Tex. 1995).

 





[2]Originally
appealed to the Twelfth Court of Appeals, this case was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization
efforts.  See Tex. Gov’t Code Ann.
§ 73.001 (Vernon 2005).  We are unaware
of any conflict between precedent of the Twelfth Court of Appeals and that of
this Court on any relevant issue.  See Tex.
R. App. P. 41.3.

 





[3]Blakeney
complains the trial court erred in granting the motions for summary judgment
because:  “the Appellant filed a Motion
for Judgment Nihil Dicit and where both Appellees DENIED paying the Appellant,”
the “Appellees committed perjury,” “the Appellant plead [sic] fraud which is a
fact issue for a jury to decide,” “Intent is a fact issue,” a “fact issue
existed as to the duty the Appellees owed the Appellant,” and “Appellant filed
a Motion for Subpoena Duces Tecum requesting the trial court’s assistance in
securing” “the balance of money that inmate Blakeney departed with from custody
of the Rusk County Sheriff’s Department on April 22nd, 2002” and “possessed
upon arrival to the Texas Department of Criminal Justice Institutional
Division.”