

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-10-00075-CV
_____


JASON BLAKENEY, Appellant

V.

CLIFTON L. HOLMES AND JOE SHUMATE, Appellees


On Appeal from the Fourth Judicial District Court
Rusk County, Texas
Trial Court No. 2008-379


Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Jason Blakeney was represented by appointed counsel Clifton L. Holmes and Joe Shumate after being indicted for capital murder in 2002. Pursuant to a negotiated plea agreement, Blakeney pled guilty to a lesser included offense of murder and was sentenced to life imprisonment. Over six years later, Blakeney filed an action for fraudulent misrepresentation, "tortious interference with prosecutive business relations," and breach of fiduciary duty against his appointed counsel, claiming they had reneged on a promise to pay him $8,000.00 to plead guilty to murder so they would not have to go to trial.

Holmes and Shumate filed no evidence and traditional motions for summary judgment denying the existence of such an agreement. In his response, Blakeney referred to the following as summary judgment evidence:[1] Holmes' responses to requests for admission denying any promise for payment made to Blakeney; docket sheets from Blakeney's criminal case; a letter from the Holmes law office enclosing copies of "TDCJ inmate trust fund deposit slip and Regions Bank money order secured by Defendant Holmes," which Blakeney's pleadings argued were a first installment of the $8,000.00 promised; and proof that Holmes and Shumate represented him in the criminal case. The trial court granted Holmes' and Shumate's motions for summary judgment.

---

[1]Blakeney also referred to pleadings, which are not summary judgment evidence. *Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995).

We affirm the trial court's judgments.[2]

## I.   Blakeney Did Not Preserve Error on Recusal and Default Judgment Points of Error

Blakeney alleges for the first time on appeal that the trial judge was required to recuse due to possible impartiality.   He also complains of the trial court's failure to rule on his motion for default judgment.   To preserve a complaint for appellate review, a party must make the complaint to the trial court by a timely request, objection, or motion.   TEX. R. APP. P. 33.1(a)(1). Preservation also requires one of three things:   (1) an express ruling by the trial court; (2) an implicit ruling by the trial court; or (3) a refusal to rule by the trial court, coupled with an objection to that refusal by the complaining party.   TEX. R. APP. P. 33.1(a)(2).   This record contains no evidence that the issue of recusal was raised with the trial court.   Also, the motion for default judgment was filed after Holmes had answered the suit and six days before Shumate filed his answer.   Consequently, there is no ruling on the motion for default judgment and no objection to the trial court's refusal to rule, if any.   The record demonstrates that these issues were not preserved below, and we decline to address them.   TEX. R. APP. P. 33.1.

## II.   Trial Court Properly Granted Summary Judgment

### A.   Standard of Review

Next, Blakeney raises eight other grounds, essentially complaining that the trial court erred

---

[2]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.   *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005).   We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue.   *See* TEX. R. APP. P. 41.3.

3

in granting the motions for summary judgment.[3]   We employ a de novo review of the trial court's

grant of a summary judgment, which is based on written pleadings and written evidence.  *Valence

Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Lamar v. City of Longview*, 270

S.W.3d 609, 613 (Tex. App.—Texarkana 2008, no pet.); *see* TEX. R. CIV. P. 166a(c).   Summary

judgment is proper if Holmes and Shumate established that there was no genuine issue of material

fact and that they are entitled to judgment as a matter of law.   TEX. R. CIV. P. 166a(c); *French v.

Gill*, 252 S.W.3d 748, 751 (Tex. App.—Texarkana 2008, pet. denied); *Powers v. Adams*, 2 S.W.3d

496, 497 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (citing *Nixon v. Mr. Prop. Mgmt. Co.*,

690 S.W.2d 546, 548 (Tex.1985)).

During our analysis of the traditional motion, and in deciding whether there is a disputed

material fact issue which precludes summary judgment, proof favorable to the nonmovant will be

taken as true, and every reasonable inference will be indulged in their favor.  *Limestone Prods.

Distrib., Inc. v. McNamara*, 71 S.W.3d 308, 311 (Tex. 2002); *Nixon*, 690 S.W.2d at 548–49.   A

no-evidence summary judgment is essentially a pretrial directed verdict.   We, therefore, apply the

same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in

reviewing a directed verdict to determine whether the nonmovant produced any evidence of

---

[3]Blakeney complains the trial court erred in granting the motions for summary judgment because:   "the Appellant filed a Motion for Judgment Nihil Dicit and where both Appellees DENIED paying the Appellant," the "Appellees committed perjury," "the Appellant plead [sic] fraud which is a fact issue for a jury to decide," "Intent is a fact issue," a "fact issue existed as to the duty the Appellees owed the Appellant," and "Appellant filed a Motion for Subpoena Duces Tecum requesting the trial court's assistance in securing" "the balance of money that inmate Blakeney departed with from custody of the Rusk County Sheriff's Department on April 22nd, 2002" and "possessed upon arrival to the Texas Department of Criminal Justice Institutional Division."

probative force to raise a fact issue on the material questions presented. *Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002); *Woodruff v. Wright*, 51 S.W.3d 727 (Tex. App.—Texarkana 2001, pet. denied). Blakeney will defeat a no-evidence summary judgment motion if he presents more than a scintilla of probative evidence on each element of his claim. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003).

The trial court's summary judgments specified no particular ground as supporting the summary judgment. When, as is the case here, the trial court does not set out the grounds on which it ruled, we affirm the summary judgment if any ground urged in the motion for summary judgment is meritorious. *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005).

### B.    Application

To raise an issue of fact regarding his fraudulent misrepresentation claim, Blakeney was required to produce more than a scintilla of probative evidence on the first element that Holmes and Shumate made a material representation; in this case, that there was a promise to pay $8,000.00 in exchange for Blakeney's plea of guilt. *Tex. Integrated Conveyor Sys., Inc. v. Innovative Conveyor Concepts, Inc.*, 300 S.W.3d 348, 366 (Tex. App.—Dallas 2009, pet. denied); *Baribeau v. Gustafson*, 107 S.W.3d 52, 58 (Tex. App.—San Antonio 2003, pet. denied). The only documents referencing such an agreement were Blakeney's pleadings. "Neither pleadings nor responses to summary judgment motions constitute summary judgment evidence." *Watson v. Frost Nat'l Bank*, 139 S.W.3d 118, 119 (Tex. App.—Texarkana 2004, no pet.) (citing *Laidlaw*

5

*Waste Sys.*, 904 S.W.2d at 660). Moreover, a document relied on by Blakeney, Holmes'
responses to requests for admission, specifically denied the existence of a material representation.
We find that Blakeney presented no proof of the first element of his fraudulent misrepresentation
claim.

Next, in order to avoid summary judgment on his tortious interference with business
relations cause of action, Blakeney was required to present more than a scintilla of evidence that:
(1) there was a reasonable probability that he would have entered into a contractual relationship;
(2) an independently tortious or unlawful act by Holmes and Shumate prevented the relationship
from occurring; (3) the act was done with a conscious desire to prevent the relationship from
occurring or with knowledge that the interference was certain or substantially certain to occur as a
result of his conduct; and (4) Blakeney suffered actual harm or damage as a result of the
interference. *See Finlan v. Dallas Indep. Sch. Dist.*, 90 S.W.3d 395, 412 (Tex. App.—Eastland
2002, pet. denied); *Ash v. Hack Branch Distrib. Co*., 54 S.W.3d 401, 414–15 (Tex. App.—Waco
2001, pet. denied). The elements of breach of fiduciary duty are: the existence of a fiduciary
relationship, and a breach of duty by the fiduciary that causes damages to the client or improper
benefit to the fiduciary. *Burrow v. Arce*, 997 S.W.2d 229, 237 (Tex. 1999). There was no
evidence presented with regard to these elements for either cause of action, and Blakeney's
responses to the motions for summary judgment stated simply that he would "not waste the court's
time rehearsing here."

6

We find that Holmes and Shumate established that there were no genuine issues of material fact with regard to any of Blakeney's causes of action and that Blakeney did not present more than a scintilla of probative evidence on each element of his claims.   Therefore, Holmes and Shumate were entitled to judgment as a matter of law.

## III.   Conclusion

We affirm the trial court's judgments.


Jack Carter
Justice

Date Submitted:      November 9, 2010
Date Decided:        November 10, 2010