In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00095-CR

                                                ______________________________

 

 

                                   DARRYL GENE HOLLIS,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 115th
Judicial District Court

                                                            Upshur County, Texas

                                                            Trial
Court No. 15,710

 

                                                        
                                          

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                      MEMORANDUM OPINION 

 

            Darryl
Gene Hollis appeals from his conviction on an open plea of guilty to the court
of aggravated robbery with a deadly weapon, enhanced to habitual offender.  Hollis also pled true to the enhancements.  The trial court sentenced Hollis to ninety-nine
years’ imprisonment.

            Hollis’
attorney on appeal has filed a brief which discusses the record and reviews the
proceedings in detail, providing possible issues, but explaining why they
cannot succeed.  Counsel has thus
provided a professional evaluation of the record demonstrating why, in effect,
there are no arguable grounds to be advanced. 
This meets the requirements of Anders
v. California, 386 U.S. 738 (1967); Stafford
v. State, 813 S.W.2d 503 (Tex. Crim. App. 1981); and High v. State, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

            Counsel
mailed a copy of the brief and a letter to Hollis on August 30, 2011, informing
Hollis of his right to file a pro se response and providing him with a copy of
the record for review.  No response has
been filed.  Counsel has also filed a
motion with this Court seeking to withdraw as counsel in this appeal.  

            We
have determined that this appeal is wholly frivolous.  We have independently reviewed the clerk’s
record and the reporter’s record, and find no genuinely arguable issue.  See Halbert v. Michigan, 545 U.S. 605, 623 (2005).  We, therefore, agree with counsel’s
assessment that no arguable issues support an appeal.  See
Bledsoe v. State, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).  

            We
affirm the judgment of the trial court.[1]

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date
Submitted:          November 18, 2011

Date
Decided:             November 21, 2011

 

Do Not Publish











[1]Since we agree this case presents no reversible error,
we also, in accordance with Anders,
grant counsel’s request to withdraw from further representation of appellant in
this case.  No substitute counsel will be
appointed.  Should appellant wish to seek
further review of this case by the Texas Court of Criminal Appeals, appellant
must either retain an attorney to file a petition for discretionary review or
appellant must file a pro se petition for discretionary review.  Any petition for discretionary review must be
filed within thirty days from the date of either this opinion or the last timely
motion for rehearing or for en banc reconsideration was overruled by this
Court.  See Tex. R. App. P.
68.2.  Any petition for discretionary
review must be filed with the clerk of the Texas Court of Criminal
Appeals.  See Tex. R. App. P.
68.3 (amended by the Texas Court of Criminal Appeals Misc. Docket No. 11-104,
effective Sept. 1, 2011).  Any petition
for discretionary review should comply with the requirements of Rule 68.4 of
the Texas Rules of Appellate Procedure.  See Tex.
R. App. P. 68.4.








e='text-transform:uppercase'>Tex.
R. Civ. P. 166a(c); French v. Gill,
252 S.W.3d 748, 751 (Tex. App.—Texarkana 2008, pet. denied); Powers v. Adams, 2 S.W.3d 496, 497 (Tex.
App.—Houston [14th Dist.] 1999, no pet.) (citing Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex.1985)). 

            During
our analysis of the traditional motion, and in deciding whether there is a
disputed material fact issue which precludes summary judgment, proof favorable
to the nonmovant will be taken as true, and every reasonable inference will be
indulged in their favor.  Limestone Prods. Distrib., Inc. v. McNamara,
71 S.W.3d 308, 311 (Tex. 2002); Nixon,
690 S.W.2d at 548–49.  A no-evidence
summary judgment is essentially a pretrial directed verdict.  We, therefore, apply the same legal
sufficiency standard in reviewing a no-evidence summary judgment as we apply in
reviewing a directed verdict to determine whether the nonmovant produced any
evidence of probative force to raise a fact issue on the material questions
presented.  Wal-Mart Stores, Inc. v. Rodriguez, 92 S.W.3d 502, 506 (Tex. 2002);
Woodruff v. Wright, 51 S.W.3d 727 (Tex.
App.—Texarkana 2001, pet. denied).  Blakeney
will defeat a no-evidence summary judgment motion if he presents more than a
scintilla of probative evidence on each element of his claim. King Ranch, Inc. v. Chapman, 118 S.W.3d
742, 751 (Tex. 2003). 

            The trial
court’s summary judgments specified no particular ground as supporting the
summary judgment.  When, as is the case
here, the trial court does not set out the grounds on which it ruled, we affirm
the summary judgment if any ground urged in the motion for summary judgment is
meritorious.  W. Invs., Inc. v. Urena, 162 S.W.3d 547, 550 (Tex. 2005).

            B.        Application

 

            To raise an issue
of fact regarding his fraudulent misrepresentation claim, Blakeney was required
to produce more than a scintilla of probative evidence on the first element
that Holmes and Shumate made a material representation; in this case, that
there was a promise to pay $8,000.00 in exchange for Blakeney’s plea of
guilt.  Tex. Integrated Conveyor Sys., Inc. v. Innovative Conveyor Concepts,
Inc., 300 S.W.3d 348, 366 (Tex. App.—Dallas 2009, pet. denied); Baribeau v. Gustafson, 107 S.W.3d 52, 58
(Tex. App.—San Antonio 2003, pet. denied). 
The only documents referencing such an agreement were Blakeney’s
pleadings.  “Neither pleadings nor
responses to summary judgment motions constitute summary judgment evidence.”  Watson
v. Frost Nat’l Bank, 139 S.W.3d 118, 119 (Tex. App.—Texarkana 2004, no
pet.) (citing Laidlaw Waste Sys., 904
S.W.2d at 660).  Moreover, a document
relied on by Blakeney, Holmes’ responses to requests for admission,
specifically denied the existence of a material representation.  We find that Blakeney presented no proof of
the first element of his fraudulent misrepresentation claim. 

            Next, in
order to avoid summary judgment on his tortious interference with business
relations cause of action, Blakeney was required to present more than a scintilla
of evidence that: (1) there was a reasonable probability that he would have
entered into a contractual relationship; (2) an independently tortious or
unlawful act by Holmes and Shumate prevented the relationship from occurring;
(3) the act was done with a conscious desire to prevent the relationship from
occurring or with knowledge that the interference was certain or substantially
certain to occur as a result of his conduct; and (4) Blakeney suffered actual
harm or damage as a result of the interference.  See Finlan v. Dallas Indep. Sch. Dist., 90
S.W.3d 395, 412 (Tex. App.—Eastland 2002, pet. denied); Ash v. Hack Branch Distrib. Co., 54 S.W.3d 401, 414–15 (Tex.
App.—Waco 2001, pet. denied).  The
elements of breach of fiduciary duty are:  the existence of a fiduciary relationship, and
a breach of duty by the fiduciary that causes damages to the client or improper
benefit to the fiduciary.  Burrow v. Arce, 997 S.W.2d 229, 237
(Tex. 1999).  There was no evidence
presented with regard to these elements for either cause of action, and
Blakeney’s responses to the motions for summary judgment stated simply that he
would “not waste the court’s time rehearsing here.”    

            We
find that Holmes and Shumate established that there were no genuine issues of
material fact with regard to any of Blakeney’s causes of action and that
Blakeney did not present more than a scintilla of probative evidence on each
element of his claims.  Therefore, Holmes
and Shumate were entitled to judgment as a matter of law. 

III.      Conclusion 

 

            We affirm the trial court’s
judgments. 

 

 

 

 

                                                                                    Jack
Carter

                                                                                    Justice

 

Date Submitted:          November
9, 2010      

Date Decided:             November
10, 2010











[1]Blakeney
also referred to pleadings, which are not summary judgment evidence.  Laidlaw
Waste Sys. (Dallas), Inc. v. City of Wilmer, 904 S.W.2d 656, 660 (Tex. 1995).

 





[2]Originally
appealed to the Twelfth Court of Appeals, this case was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization
efforts.  See Tex. Gov’t Code Ann.
§ 73.001 (Vernon 2005).  We are unaware
of any conflict between precedent of the Twelfth Court of Appeals and that of
this Court on any relevant issue.  See Tex.
R. App. P. 41.3.

 





[3]Blakeney
complains the trial court erred in granting the motions for summary judgment
because:  “the Appellant filed a Motion
for Judgment Nihil Dicit and where both Appellees DENIED paying the Appellant,”
the “Appellees committed perjury,” “the Appellant plead [sic] fraud which is a
fact issue for a jury to decide,” “Intent is a fact issue,” a “fact issue
existed as to the duty the Appellees owed the Appellant,” and “Appellant filed
a Motion for Subpoena Duces Tecum requesting the trial court’s assistance in
securing” “the balance of money that inmate Blakeney departed with from custody
of the Rusk County Sheriff’s Department on April 22nd, 2002” and “possessed
upon arrival to the Texas Department of Criminal Justice Institutional
Division.”