

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00512-CV

ROSSER B. MELTON, JR.                                    APPELLANT

V.

WELLS FARGO BANK, N.A., AND                             APPELLEES
THOMAS H. ELLIOTT

----------

FROM THE 431ST DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

In seven issues, Appellant Rosser B. Melton, Jr., pro se, appeals the trial court's order granting summary judgment in favor of Appellees Wells Fargo Bank, N.A., and Thomas H. Elliott. We will affirm.

In 1997, First State Bank of Texas issued a certificate of deposit to "LIBERTY TRUST" and "FRANCES COUCH MELTON TRUSTEE." In 2008,

[1]*See* Tex. R. App. P. 47.4.

Wells Fargo[2] paid the certificate of deposit by issuing a cashier's check made payable to "LIBERTY TRUST" and "FRANCES COUCH MELTON TTEE." Appellant asked Wells Fargo to cash the check, but it refused to do so because Appellant was not a named payee on the check, nor did he demonstrate that he was authorized to act on behalf of the payees. Appellant later sued Appellees for fraud and conversion. Appellees filed a combined traditional and no-evidence motion for summary judgment challenging each of Appellant's claims, and the trial court granted the motion.

In his sixth issue, Appellant argues that the trial court erred by granting Appellees' no-evidence motion for summary judgment.[3] After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense. Tex. R. Civ. P. 166a(i). The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact. *See id.* & cmt.; *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008).

---

[2]First State Bank of Texas merged with Wells Fargo in 2002.

[3]When a party moves for summary judgment under both rules 166a(c) and 166a(i), we will first review the trial court's judgment under the standards of rule 166a(i). *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). If the appellant failed to produce more than a scintilla of evidence under that burden, then there is no need to analyze whether the appellee's summary judgment proof satisfied the less stringent rule 166a(c) burden. *Id.*

Generally, pleadings are not competent summary judgment evidence. *Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995). A response to a motion for summary judgment is a pleading and, therefore, cannot constitute summary judgment evidence. *See Nicholson v. Mem'l Hosp. Sys.*, 722 S.W.2d 746, 749 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.); *see also Watson v. Frost Nat'l Bank*, 139 S.W.3d 118, 119 (Tex. App.—Texarkana 2004, no pet.); *Smith v. Hennessey & Assocs.*, 103 S.W.3d 567, 570 (Tex. App.—San Antonio 2003, no pet.).

Here, Appellant filed a response to Appellees' motion for summary judgment, but he did not attach any evidence in support of the response, nor did he direct the trial court to any evidence located elsewhere in the record, including the evidence that Appellees attached to their motion for summary judgment. Because Appellant's arguments contained in his response are not summary judgment evidence, he did not meet his burden to produce evidence raising a genuine issue of material fact as to any of the elements of his claims challenged by Appellees. *See* Tex. R. Civ. P. 166a(i). We hold that the trial court did not err by granting Appellees' no-evidence motion for summary judgment on each of Appellant's claims. *See, e.g., Watson*, 139 S.W.3d at 119 (holding that trial court was required to grant summary judgment because appellant did not support his response with any evidence); *see Wass v. Farmers Tex. Cnty. Mut. Ins. Co.*, Nos. 02-05-00036-CV, 02-05-00124-CV, 2006 WL 1281037, at *2 (Tex. App.—

Fort Worth May 11, 2006, no pet.) (mem. op.) (overruling party's issues challenging summary judgment because party "failed to produce any summary judgment evidence in his response"); *Sias v. Zenith Ins. Co.*, No. 08-02-00371-CV, 2003 WL 21197046, at *3–5 (Tex. App.—El Paso May 22, 2003, pet. denied) (holding that trial court properly granted no-evidence motion for summary judgment because appellant failed to attach any summary judgment evidence to his response), *cert. denied*, 540 U.S. 1124 (2004). We overrule Appellant's sixth issue. Having determined that the trial court properly granted Appellees summary judgment on no-evidence grounds, we need not address Appellant's fifth issue arguing that the trial court erred by granting summary judgment on traditional grounds. *See* Tex. R. App. P. 47.1.; *Ford Motor Co.*, 135 S.W.3d at 600.

In his first, second, third, fourth, and seventh issues, Appellant argues that the trial court violated his right to a jury trial by granting summary judgment, that the trial court was biased against him because he is pro se, that the trial court erred by not holding a hearing on Appellees' motion for summary judgment, and that remand is necessary because Appellees attached an affidavit to their motion for summary judgment. Appellant failed to preserve these issues for appellate review because he did not raise them in the trial court. *See* Tex. R. App. P. 33.1(a); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979) (reasoning that grounds opposing summary judgment are waived if not

4

raised in the trial court); *see also Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 222 (Tex. 2002) (holding that nonmovant waived open courts argument by failing to raise it in response to motion for summary judgment).  We overrule Appellant's first, second, third, fourth, and seventh issues.

Having overruled Appellant's dispositive issues, we affirm the trial court's order granting Appellees summary judgment.


PER CURIAM

PANEL:  MEIER, J.; LIVINGSTON, C.J.; and GARDNER, J.

DELIVERED:  July 19, 2012