02-11-512-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00512-CV

 

 


 
 
 Rosser B. Melton, Jr.
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Wells Fargo Bank, N.A., and Thomas H. Elliott
 
 
  
 
 
 APPELLEES
 
 


 

 

----------

FROM THE 431st
District Court OF Denton COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          In
seven issues, Appellant Rosser B. Melton, Jr., pro se, appeals the
trial court’s order granting summary judgment in favor of Appellees Wells Fargo
Bank, N.A., and Thomas H. Elliott.  We will affirm.

          In
1997, First State Bank of Texas issued a certificate of deposit to “LIBERTY
TRUST” and “FRANCES COUCH MELTON TRUSTEE.”  In 2008, Wells Fargo[2]
paid the certificate of deposit by issuing a cashier’s check made payable to “LIBERTY
TRUST” and “FRANCES COUCH MELTON TTEE.”  Appellant asked Wells Fargo to cash
the check, but it refused to do so because Appellant was not a named payee on
the check, nor did he demonstrate that he was authorized to act on behalf of
the payees.  Appellant later sued Appellees for fraud and conversion.  Appellees
filed a combined traditional and no-evidence motion for summary judgment challenging
each of Appellant’s claims, and the trial court granted the motion.

          In
his sixth issue, Appellant argues that the trial court erred by granting
Appellees’ no-evidence motion for summary judgment.[3] 
After an adequate time for discovery, the party without the burden of proof
may, without presenting evidence, move for summary judgment on the ground that
there is no evidence to support an essential element of the nonmovant’s claim
or defense.  Tex. R. Civ. P. 166a(i).  The trial court must grant the
motion unless the nonmovant produces summary judgment evidence that raises a
genuine issue of material fact.  See id. & cmt.; Hamilton v.
Wilson, 249 S.W.3d 425, 426 (Tex. 2008).

          Generally,
pleadings are not competent summary judgment evidence.  Laidlaw Waste Sys.
(Dallas), Inc. v. City of Wilmer, 904 S.W.2d 656, 660 (Tex. 1995).  A response
to a motion for summary judgment is a pleading and, therefore, cannot
constitute summary judgment evidence.  See Nicholson v. Mem’l Hosp. Sys.,
722 S.W.2d 746, 749 (Tex. App.—Houston [14th Dist.] 1986, writ ref’d n.r.e.); see
also Watson v. Frost Nat’l Bank, 139 S.W.3d 118, 119 (Tex.
App.—Texarkana 2004, no pet.); Smith v. Hennessey & Assocs., 103
S.W.3d 567, 570 (Tex. App.—San Antonio 2003, no pet.).

          Here, Appellant filed a response to Appellees’
motion for summary judgment, but he did not attach any evidence in support of
the response, nor did he direct the trial court to any evidence located
elsewhere in the record, including the evidence that Appellees attached to
their motion for summary judgment.  Because Appellant’s arguments contained in
his response are not summary judgment evidence, he did not meet his burden to
produce evidence raising a genuine issue of material fact as to any of the
elements of his claims challenged by Appellees.  See Tex. R. Civ. P. 166a(i).  We hold that the trial court did
not err by granting Appellees’ no-evidence motion for summary judgment on each
of Appellant’s claims.  See, e.g., Watson, 139 S.W.3d at 119 (holding that trial court was required
to grant summary judgment because appellant did not support his response with
any evidence); see Wass v. Farmers Tex. Cnty. Mut. Ins. Co., Nos. 02-05-00036-CV, 02-05-00124-CV, 2006 WL 1281037, at
*2 (Tex. App.—Fort Worth May 11, 2006, no pet.) (mem. op.) (overruling party’s
issues challenging summary judgment because party “failed to produce any
summary judgment evidence in his response”); Sias
v. Zenith Ins. Co., No. 08-02-00371-CV,
2003 WL 21197046, at *3–5 (Tex. App.—El Paso May 22, 2003, pet. denied)
(holding that trial court properly granted no-evidence motion for summary
judgment because appellant failed to attach any summary judgment evidence to
his response), cert. denied, 540 U.S. 1124 (2004).  We overrule Appellant’s sixth
issue.  Having determined that the trial court properly granted Appellees
summary judgment on no-evidence grounds, we need not address Appellant’s fifth
issue arguing that the trial court erred by granting summary judgment on
traditional grounds.  See Tex. R. App. P. 47.1.; Ford
Motor Co., 135 S.W.3d at 600.

          In his first, second, third, fourth, and seventh
issues, Appellant argues that the trial court violated his right to a jury
trial by granting summary judgment, that the trial court was biased against him
because he is pro se, that the trial court erred by not holding a hearing
on Appellees’ motion for summary judgment, and that remand is necessary because
Appellees attached an affidavit to their motion for summary judgment.  Appellant
failed to preserve these issues for appellate review because he did not raise
them in the trial court.  See Tex. R. App. P. 33.1(a); City of Houston
v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979) (reasoning that
grounds opposing summary judgment are waived if not raised in the trial court);
see also Sw. Elec. Power Co. v. Grant, 73 S.W.3d 211, 222 (Tex. 2002)
(holding that nonmovant waived open courts argument by failing to raise it in
response to motion for summary judgment).  We overrule Appellant’s first, second,
third, fourth, and seventh issues.

          Having
overruled Appellant’s dispositive issues, we affirm the trial court’s order granting
Appellees summary judgment.

 

PER CURIAM

 

PANEL: 
MEIER, J.; LIVINGSTON,
C.J.; and GARDNER, J.

 

DELIVERED:  July 19, 2012









[1]See Tex. R. App. P. 47.4.





[2]First State Bank of Texas
merged with Wells Fargo in 2002.





[3]When a party moves for
summary judgment under both rules 166a(c) and 166a(i), we will first review the
trial court’s judgment under the standards of rule 166a(i).  Ford Motor Co.
v. Ridgway, 135 S.W.3d 598, 600 (Tex. 2004).  If the appellant failed to
produce more than a scintilla of evidence under that burden, then there is no need
to analyze whether the appellee’s summary judgment proof satisfied the less
stringent rule 166a(c) burden.  Id.