

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-14-00232-CV

ROSALIND KELLY AND RAFAEL
DE LOS SANTOS

APPELLANTS

V.

OCWEN LOAN SERVICING, LLC,
AND MACKIE WOLF ZEINTZ &
MANN, PC

APPELLEES

----------

### FROM THE 158TH DISTRICT COURT OF DENTON COUNTY
### TRIAL COURT NO. 2014-05258-158

----------

## MEMORANDUM OPINION[1]

----------

Appellants Rosalind Kelly and Rafael De Los Santos appeal the trial

court's orders granting summary judgment in favor of Appellees Ocwen Loan

Servicing, LLC and Mackie Wolf Zeintz & Mann, PC. In two points, Appellants

---

[1]See Tex. R. App. P. 47.4.

argue that they had insufficient notice of a summary judgment hearing, that the trial court abused its discretion by denying their motion for continuance, and that the trial court erred by granting summary judgment. We will affirm.

In 2002, Appellants executed a deed of trust in favor of a lender to secure the repayment of a promissory note used to purchase real property. In January 2012, Mackie Wolf, a law firm retained by Ocwen, the loan servicer, notified Appellants that they had defaulted on the note, that the note's maturity was being accelerated, and that the property would be sold at a foreclosure sale in March 2012. Kuk Hwan Jung purchased the property at a non-judicial foreclosure sale on March 6, 2012, but after learning that Kelly had paid funds to reinstate the note on the morning of the sale, Ocwen rescinded the sale and refunded the proceeds to Jung, and no foreclosure deed was executed, delivered to Jung, or recorded.

Appellants later sued Ocwen, Mackie Wolf, and Jung, alleging that Ocwen and Mackie Wolf had violated the Texas Debt Collection Practices Act (TDCPA) and claiming that Jung had invaded their privacy. *See* Tex. Fin. Code Ann. §§ 392.301(a)(8), 392.303(a)(2), 392.304(a)(8) (West 2006). The trial court ultimately (i) denied Appellants' motion to continue the hearing on Ocwen's no-evidence motion for partial summary judgment, (ii) granted Ocwen's no-evidence motion for partial summary judgment, (iii) granted Mackie Wolf's combined traditional and no-evidence motion for summary judgment, (iv) severed the

2

claims against Ocwen and Mackie Wolf from the claim against Jung, and (v) signed a final judgment in the severed cause that Appellants take nothing.

In part of their first point, Appellants argue that the trial court erred by granting summary judgment in favor of Ocwen because they did not receive twenty-one days' notice of the hearing on Ocwen's motion.

A nonmovant is entitled to twenty-one days' notice of a hearing on a motion for summary judgment. Tex. R. Civ. P. 166a(c). When service is by mail, three days are added to the notice period. Tex. R. Civ. P. 21a(c). A notice may be served on a party by delivering a copy via certified or registered mail to the party's last known address. Tex. R. Civ. P. 21a(a). A certificate by a party or an attorney of record is prima facie evidence of the fact of service. *Id.*; *see McQuade v. Berry*, No. 02-12-00099-CV, 2012 WL 6049012, at *2 (Tex. App.—Fort Worth Dec. 6, 2012, no pet.) (mem. op). ("Multiple courts of appeals have held, based on rule 21a, that a certificate of service is prima facie evidence not only of the fact that a document was served but also of the date of service included in the certificate."). In fact, "notice properly sent pursuant to Rule 21a raises a presumption that notice was received." *Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005). The opposing party may rebut this presumption by offering proof that the notice or document was not actually received. *Cliff v. Huggins*, 724 S.W.2d 778, 780 (Tex. 1987); *cf. In re E.A.*, 287 S.W.3d 1, 5 (Tex. 2009).

Ocwen gave Appellants notice of the hearing on its motion for partial summary judgment when it filed the motion. The separate notice stated that the motion was set for a hearing on April 16, 2014, at 1:30 p.m., and the certificate of service recited that the notice was mailed to Appellants on March 21, 2014, via certified mail, return receipt requested and regular mail. Thus, a presumption arose that Appellants received twenty-six days' notice of the hearing. Appellants direct us to no evidence to rebut the presumption of notice, nor do they otherwise offer any such argument on appeal.[2] Therefore, we must presume that Appellants received sufficient notice of the hearing on Ocwen's motion for summary judgment. *See Waggoner v. Breland*, No. 01-10-00226-CV, 2011 WL 2732687, at *2 (Tex. App.—Houston [1st Dist.] July 14, 2011, no pet.) (mem. op.) (reasoning similarly); *Hosack v. Citibank (S.D.), N.A.*, No. 12-05-00173-CV, 2006 WL 870331, at *3 (Tex. App.—Tyler Apr. 5, 2006, no pet.) (mem. op.) (same). We overrule this part of Appellants' first point.

Appellants argue in their second point and in part of their first point that the trial court abused its discretion by denying their motion to continue the hearing on

---

[2]We observe that Appellants did not raise this issue in their motion to continue the hearing on Ocwen's motion for summary judgment, which Appellants filed on April 11, 2014, several days before the hearing.

Ocwen's no-evidence motion for summary judgment because an adequate time for discovery had not elapsed.[3]

We review a trial court's ruling on a motion for continuance for an abuse of discretion. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002). When a party argues that it has not had an adequate opportunity for discovery before a summary judgment hearing, it must file either an affidavit explaining the need for further discovery or a verified motion for continuance. Tex. R. Civ. P. 166a(g), 251, 252; *Tenneco, Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996). The party must describe the evidence sought, explain its materiality, and set forth facts showing the due diligence used to obtain the evidence. *D.R. Horton-Tex., Ltd. v. Savannah Props. Assocs., L.P.*, 416 S.W.3d 217, 222 (Tex. App.—Fort Worth 2013, no pet.).

Appellants' motion for continuance—which is included in the appendix to Appellants' brief but not in the clerk's record—was neither verified nor supported by an affidavit explaining what evidence was sought, why it was material, and what due diligence they had used to obtain it. On appeal, Appellants point out that the case had been removed to federal court for a period of time and that there was no discovery deadline or trial date set, but they make no attempt to

---

[3]Appellants filed a motion to continue the hearing on Ocwen's motion for summary judgment, not Mackie Wolf's motion for summary judgment. We therefore construe Appellants' argument to be directed at Ocwen, not Mackie Wolf.

explain what evidence they needed and why. Under these circumstances, we cannot conclude that the trial court abused its discretion by denying Appellants' motion for continuance. *See Landers v. State Farm Lloyds*, 257 S.W.3d 740, 747 (Tex. App.—Houston [1st Dist.] 2008, no pet.). We overrule Appellants' second point and this part of their first point.

In another part of their first point, Appellants appear to challenge the trial court's grant of summary judgment in favor of Mackie Wolf, arguing that they "submitted a copy of the deed of trust and the paragraph relating to borrower's rights to refute Mackie Wolf's claim."[4]

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense. Tex. R. Civ. P. 166a(i). The motion must specifically state the elements for which there is no evidence. *Id.*; *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of

---

[4]Insofar as Appellants direct this argument at Ocwen, the trial court properly granted summary judgment in its favor because Appellants did not file a response to Ocwen's no-evidence summary judgment motion. *See Imkie v. Methodist Hosp.*, 326 S.W.3d 339, 343 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (explaining that absent a timely response, a trial court must grant a no-evidence motion for summary judgment that meets the requirements of rule 166a(i)).

6

material fact. *See* Tex. R. Civ. P. 166a(i) & cmt.; *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008).

The TDCPA provides remedies for various wrongful debt collection practices arising out of a debtor-creditor relationship. *Ford v. City State Bank of Palacios*, 44 S.W.3d 121, 135 (Tex. App.—Corpus Christi 2001, no pet.). In the no-evidence portion of its motion for summary judgment (which Mackie Wolf raised in the alternative to the traditional portion of its motion), Mackie Wolf argued in part that Appellants had no evidence that Mackie Wolf took an action prohibited by law or that Appellants were injured as a result of any acts by Mackie Wolf. The only evidence that Appellants attached to their response was a copy of the deed of trust that they executed in 2002 to secure the promissory note used to purchase their residence; Appellants did not attach an affidavit or other evidence to support their TDCPA claims, nor are any of the statements contained in their response summary judgment evidence. *See Watson v. Frost Nat'l Bank*, 139 S.W.3d 118, 119 (Tex. App.—Texarkana 2004, no pet.) ("Neither pleadings nor responses to summary judgment motions constitute summary judgment evidence."). We fail to see, and Appellants do not even attempt to explain, how the deed of trust raises a fact issue on any of the grounds challenged by Mackie Wolf and set out immediately above. We hold that the trial court did not err by granting summary judgment for Mackie Wolf. We overrule this part of Appellants' first point.

In what we construe as the final part of its first point, Appellants contend that the trial court "granted the No evidence Summary Judgment on all points, even points that were not argued in the Partial no evidence motion." Appellants provide no further explanation or citation to any authorities. The argument is therefore waived as inadequately briefed. *See* Tex. R. App. P. 38.1(i) (requiring brief to contain a clear and concise argument for the contentions made).

Having overruled all of Appellants' points, we affirm the trial court's orders granting summary judgment in favor of Ocwen and Mackie Wolf.

/s/ Bill Meier
BILL MEIER
JUSTICE

PANEL: DAUPHINOT, GARDNER, and MEIER, JJ.

DELIVERED: January 14, 2016

8